PORTER et al. v. INTERNATIONAL BRIDGE CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   November 22, 1899.)

1. PLEADING—COMPLAINT—JOINDER OF CAUSES OF ACTION.

Under Code Civ. Proc. § 484, providing that legal and equitable causes of action may be united in the same complaint, it is no objection to a joinder of two causes of action that in one there is a constitutional right to a trial by jury, and the other is to be tried by the court.

2. SAME—LIMITATIONS.

Under Code Civ. Proc. § 484, specifying what causes of action may be joined in the same complaint, it is no objection to a joinder of causes of action that they are subject to different rules of limitation.

3. EJECTMENT—COMPLAINT—FORM.

A complaint in ejectment alleged that a license had been granted to a city to use the land as a public square; that thereafter two of the defendants, a bridge company and a railway company, laid their tracks and built their depots thereon; and that they based their right of possession both upon an unwarranted permit from the city and upon title adverse to plaintiffs. It also alleged that, by giving the companies such permit, the city's right to use the land as a public square had ceased, and it was made a party, in order that all rights arising out of the subject of the action might be settled without further litigation. Held, that only one cause of action was alleged, as against the defendant companies.

Appeal from special term.

Ejectment by Peter A. Porter and others against the International Bridge Company, the Grand Trunk Railway Company of Canada, and others. The defendant companies appeal from a judgment overruling their demurrer to plaintiffs' complaint. Affirmed.

The complaint substantially shows that some time prior to 1874 the ancestors of the plaintiffs and of some of the defendants, being then the owners of the land comprising Porter Square, in the city of Buffalo, gave to the citizens of Buffalo a gratuitous permit to use the said land as a public square, which license was accepted by the said city of Buffalo; that thereafter a bridge was built across the Niagara river at Buffalo, which was operated by the defendants the bridge company and railway company; and that the said defendant companies have laid their tracks, built their depots and offices thereon, and now occupy about three-quarters of the square, and run their trains daily and hourly from the same. By the complaint it appears that the plaintiff Peter A. Porter claims as owner of an undivided fourth in his own right, and as having a further interest in the land by grants from other cotenants. At folio 42 the complaint alleges "that at the time said grant was made, and at the time of the delivery of said deeds and each of them, the lands so conveyed, or the parts thereof which are the subject of this action, were in the actual possession and permanent occupation of the International Bridge Company and the Grand Trunk Railway Company, which claimed a right to such actual possession against and adverse to the rights of such grantors and Peter A. Porter by virtue of the permit of the city of Buffalo above set forth and other title adverse to such grantors claimed to be held by them." The complaint further alleges that the defendant companies had obtained no valid title to enter upon said land; that they are wrongfully thereupon; that they refuse to discontinue their trespass, and refuse to deliver to the plaintiffs possession of the land. It is also alleged that, by reason of this permit given by the city of Buffalo, the right of said city to the use of said land as a public square "has ceased, and that it has no right, title, or interest of, in, or to the same; that it is made a party defendant in this action in order that a complete determination of the controversy may be had, and that any and all rights arising out of the subject of the action may be settled without further litigation." The complaint contains other allegations, not material to the decision. The prayer for relief is: (1) That the defendant companies, and

all other person or persons, corporation or corporations, occupants of said premises, be forever enjoined from trespassing or occupying the same; (2) for a mandatory injunction to compel the defendant companies to remove the tracks, buildings, etc., from said premises; (3) that the value of plaintiffs' rights, in said premises be assessed at $250,000, and that the damages by reason of the defendants' trespass be awarded to plaintiffs; (4) the plaintiffs, having offered in their complaint to convey to the defendant companies their interest in said land upon payment of reasonable compensation, ask for judgment giving the defendants the right to purchase their interest, and, if they shall not avail themselves of said right, that the injunction asked for shall become absolute and unconditional; (5) that the rights of the parties to the action in said land be declared fixed and determined, and that said plaintiffs be adjudged to be the owners of said premises "superior to all rights of the defendants the International Bridge Company and the Grand Trunk Railway Company of Canada, or any other parties hereto now occupying the same"; (6) that costs may be awarded against defendant companies; (7) that plaintiffs may have any other relief to which they may show themselves entitled. To this complaint the defendant companies have separately demurred, upon the ground "that causes of action in said complaint have been improperly united, to wit, a legal cause of action in ejectment sounding in tort has been improperly united with an equitable cause of action to cancel an easement and declare it void, and adjudicate as to the various parties making diverse claims to the property, as provided by statute." The special term overruled this demurrer, and from the interlocutory judgment entered upon its decision this appeal is taken.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Adelbert Moot, for appellants.
Charles P. Norton, for respondents.

SMITH, J. By section 484 of the Code of Civil Procedure, the plaintiff may unite in the same complaint "two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both: * * * (9) Upon claims arising out of the same transaction or transactions connected with the same subject of action and not included within one of the foregoing subdivisions of this section. But it must appear upon the face of the complaint that all of the causes of action so united belong to one of the foregoing subdivisions of this section; that they are consistent, except as otherwise prescribed by law; that they affect all the parties to the action; and it must appear upon the face of the complaint that they do not require different places of trial." Assume, then, for the argument, that two causes of action are united,—one in ejectment for the possession of the land; another to declare void a claimed easement and for an injunction against trespass. Both causes of action are connected with the same subject of action, to wit, the occupancy of plaintiffs' land. They are not inconsistent, as both assume a wrongful entry, and plaintiffs' consequent right of redress. They do not require different places of trial. All the requirements of the Code of Civil Procedure are therefore satisfied.

The defendants, however, challenge the joinder upon two grounds: First, that causes of action are joined which require different modes of trial,—one of which is to be tried by the court; in the other there is a constitutional right to trial by jury. But this is expressly permitted by the statute. Legal and equitable causes of action may

be united in the same complaint. If authority be needed for this proposition, it may be found in the case of Lattin v. McCarty, 41 N. Y. 109. Another ground of challenge is that the causes of action are subject to different rules of limitation. But this is nowhere made a cause of objection to their joinder. The court can in the same action apply the different statutes, if need be, to the different cause of action. The objection that one cause of action sounds in tort while the other is free from tort has no support. Both causes of action are based upon the wrongful entry by the defendant companies.

But the decisive answer to the defendants' demurrer is that one cause of action only is alleged as against the defendant companies. They have entered upon this land, and by their occupancy and use have practically exclusive possession. The plaintiffs charge their possession to be unlawful, and seek only to expel them from the land. It is true that the complaint alleges that the defendants base their right of possession both upon an unwarranted permit from the city of Buffalo and upon other adverse titles. But whatever titles and however many they may call to support their claimed right of occupancy, the single cause of action still remains,—to oust them from the land upon which they have wrongfully entered and which they wrongfully hold. It is not necessary here to determine whether this cause of action be one in equity or one at law. It is true that the complaint alleges that the rights of the city of Buffalo have ceased and determined. It is possible that under this complaint a judgment might be authorized granting possession to the plaintiffs as against all defendants. As against the demurring defendants, however, one cause of action is urged and one relief demanded. The demurrers were properly overruled.

Interlocutory judgment affirmed, with costs, with leave to defendants to withdraw their demurrers and answer within 20 days from service of copies of judgment of this court with notice of entry, upon payment of the costs of the demurrer and of the appeal. All concur.