IRVING ADER, as Administrator of the Estate of BERNARD ADER, Deceased, Respondent, *v.* MOLLY BLAU, Defendant, and HERMAN S. EMIL, Appellant.

Pleading — misjoinder — cause of action against one defendant for causing death through negligently maintaining a fence cannot be joined in same complaint with cause of action against physician for causing death through malpractice — question who is liable for death not a common one within meaning of section 209 of Civil Practice Act — sections 211 and 212 do not authorize joinder of two such causes of action — both sections limited and must be construed in light of section 258 — defendants not joint tort feasors — causes of action do not arise out of transactions connected with same subject of action.

1. Two causes of action, the first of which alleges in substance that the death of plaintiff's intestate was solely caused by the negligence of one defendant in erecting and maintaining an iron picket fence whereby intestate was injured in a manner which caused infection and death, and the second of which alleges that intestate came to the other defendant as a physician and surgeon for treatment and that the latter so negligently treated him that, solely by reason of such negligent treatment, intestate died, cannot be united in one complaint.

2. Section 209 of the Civil Practice Act, providing who may be joined as parties plaintiff, is not helpful, even argumentatively, to this attempt to join defendants. The question " who is liable for the death of the

plaintiff's intestate," is not such a common one as is contemplated by that section.

3. Sections 211 and 212 of the Civil Practice Act, which provide who may be joined as parties defendant, even when considered by themselves and without reference to any other provisions, do not authorize any such inclusion of causes of action in one complaint as has been attempted in the present action. Section 211 contemplates a case where a fundamental, common set of facts either entitles a plaintiff to relief against all the defendants even though such relief may be predicated upon different relationships or in the alternative against one of two or more defendants, and section 212 deals with a case where a given set of facts entitles the plaintiff to relief against all of the defendants in some degree or form, but where he may not be entitled to the same measure or kind of relief against one as against another and where his right to relief may give him an additional cause of action against one defendant which does not arise against another.

4. But, in addition, both sections are clearly limited by and must be construed in the light of section 258 of the Civil Practice Act, which relates to and governs joinder of causes of action, and as the inclusion in one complaint of the two causes of action which have been joined in this action is not authorized by any other than subdivision 9, unless that subdivision and the general clause relating to consistency authorize what has been attempted, there is a misjoinder.

5. The plaintiff in order to meet the requirement that causes of action in order to be united in the same complaint must be consistent is obliged to maintain that a cause of action against one defendant for causing the death of an intestate by the negligent maintenance of a picket fence is consistent with a claim that another defendant caused such death by negligent and unskillful surgical treatment. Such contradictory and repugnant theories cannot be consistent and plaintiff at this point fails to sustain his complaint.

6. The rule that a plaintiff may consistently and properly join as defendants in one complaint several joint tort feasors applies only where different persons by related and concurring acts have united in producing a single or common result upon which the action is based. But persons are not joint tort feasors within the meaning of this rule when, as alleged, one causes death by one set of negligent acts and another, as alleged, causes death by an entirely different and separate form of negligence.

7. Neither can it be said that the causes of action are brought to recover " upon claims arising out of * * * transactions connected with the same subject of action." The phrase " the same subject of action " is applicable to a given state of facts wherefrom the

plaintiff seeks different kinds of relief, but all of which spring from the same state of facts and, therefore, are connected with the same subject of action. In the present suit the different causes of action do not arise out of transactions connected with the same subject of action.

8. The Appellate Division erred in its view that " The subject of the action is to recover damages for death caused by negligence or nuisance or both." That is the object of the action or the cause of action. The " subject of action " in this action is the negligent act resulting in injury causing the death of the intestate and upon which, under the statute, plaintiff predicates a cause of action and seeks to recover damages. In one case the subject of action is the wrongful act of one defendant in maintaining the fence and in the other cause of action it is the wrongful act of defendant in negligently treating the intestate. The two causes of action each against a different defendant do not arise out of transactions connected with the same subject of action. So again plaintiff's complaint fails of survival when it is subjected to the test imposed by subdivision 9 and must be condemned as faulty.

*Ader* v. *Blau*, 211 App. Div. 532, reversed.

(Argued June 1, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 26, 1925, which reversed an order of Special Term granting a motion to strike out the second cause of action and to strike the name of defendant, appellant, from the summons and complaint and denied said motion.

The following questions were certified:

1. " In an action by the administrator of a decedent to recover damages for a wrongful act, neglect or default by which the decedent's death was caused (Decedent Estate Law, § 130), may the plaintiff join as defendants two or more parties who are alleged to have been responsible for such death, but where the alleged wrongful acts, neglect or breach of duty are separate and distinct? "

2. " In an action by the administrator of a decedent to recover damages for a wrongful act, neglect or default

by which the decedent's death was caused (Decedent Estate Law, § ·130), may the plaintiff administrator join in one complaint a cause of action against one defendant for negligence or nuisance causing death, and another cause of action against another defendant, a physician, for alleged malpractice in treating the decedent for the injuries alleged in the first cause of action, which malpractice is alleged to have caused the death?"

3. " Are the causes of action alleged in the complaint properly joined under the provisions of the Civil Practice Act? "

*Jay Leo Rothschild* and *Gustave Posner* for appellant. The causes of action pleaded in the complaint do not arise out of the same transaction, nor are they connected with the same subject of action within subdivision 9 of section 258 of the Civil Practice Act. (*De Wolfe* v. *Abraham*, 151 N. Y. 186; *Paul* v. *Ford*, 117 App. Div. 151; *Reed* v. *Livermore*, 101 App. Div. 254; *Chipman* v. *Palmer*, 77 N. Y. 51; *Slater* v. *Mersereau*, 64 N. Y. 138; *Mangan* v. *H. R. Tel. Co.*, 50 Misc. Rep. 388; *Sternfels* v. *M. S. R. Co.*, 73 App. Div. 494; *Lynch* v. *Elektron Mfg. Co.*, 94 App. Div. 408; *Gardner* v. *Friederich*, 25 App. Div. 521; *Burd* v. *Bleischer*, 208 App. Div. 499.) The causes of action pleaded in the complaint are inconsistent and, therefore, cannot be joined. (*Olsen* v. *Bankers Trust Co.*, 205 App. Div. 669; *Logan* v. *Whitley*, 129 App. Div. 666.) Joinder of defendant, appellant, with the other defendant is not authorized under the Civil Practice Act. (*De Wolfe* v. *Abraham*, 151 N. Y. 186; *Lamming* v. *Galusha*, 135 N. Y. 239; *F. & C. Steamship Corp.* v. *Berwind-White Coal Mining Co.*, 229 N. Y. 89; *137 West 66th Street, Inc.*, v. *Lawrence*, 118 Misc. Rep. 486; *S. L. & Co.* v. *Bock*, 118 Misc. Rep. 756; *Payne* v. *B. T. Recorder Co.*, 1921, 2 K. B. 1; *Mathews* v. *Mathews*, 240 N. Y. 28; *American Bank* v. *Goss*, 236 N. Y. 488; *Akely* v. *Kinnicutt*, 238 N. Y. 466; *Bossak* v. *Nat. Surety Co.*, 205 App. Div. 707.)

*Nathan Bert Friedman* and *James M. Gorman* for respondent. The death statute of this State impliedly permits the joinder as defendants of all persons who contributed to the death. (*Sullivan* v. *Dunham,* 161 N. Y. 290; *Griffin* v. *Bliss,* 202 App. Div. 443; *Randolph* v. *Snyder,* 139 Ky. 159; *Havord* v. *Hunter,* 126 Ky. 685; *Lewis* v. *Taylor Coal Co.,* 112 Ky. 845; *Welch* v. *Creech,* 88 Wash. 429.) Death by wrongful acts constitutes one single and indivisible tort. All persons who contribute to that tort are proper defendants. All wrongs causing the death may be joined whether they are concurrent, separate, successive or independent of each other, and whether they sound in negligence, nuisance, trespass or any other form of wrong. (*Mangan* v. *H. R. Tel. Co.,* 50 Misc. Rep. 388; *Sternfels* v. *M. S. R. Co.,* 73 App. Div. 494; *Stern* v. *International Ry. Co.,* 167 App. Div. 503; *Gross* v. *P. P. & B. R. R. Co.,* 65 Hun, 191; *Lynch* v. *Elektron Mfg. Co.,* 94 App. Div. 408; *Seifken* v. *Erie R. R. Co.,* 107 N. Y. Supp. 1060; *Colegrove* v. *N. Y. & N. H. R. R. Co.,* 20 N. Y. 492; *Gardner* v. *Friederich,* 25 App. Div. 521; *Burd* v. *Bleischer,* 208 App. Div. 499; *Slater* v. *Mersereau,* 64 N. Y. 138.) The scheme of the Civil Practice Act permits the joinder of these causes of action and of these defendants and justifies the separate causes of action alleged in this complaint. (*Smith* v. *Earle,* 202 App. Div. 305; *Fleitman* v. *Colonial Finance Co.,* 203 App. Div. 827; *Sherlock* v. *Manwaren,* 208 App. Div. 538; *Griffin* v. *Blis,* 202 App. Div. 443; *Moskin* v. *Paine,* 200 App. Div. 304; *First Construction Co.* v. *R. T. Construction Co.,* 122 Misc. Rep. 145; *Sherwood* v. *Holbrook,* 98 Misc. Rep. 668; *Hatch* v. *Heinze,* 172 App. Div. 679; *137 East 66th St.* v. *Lawrence,* 118 Misc. Rep. 486; *S. L. & Co.* v. *Boch,* 118 Misc. Rep. 756; *Cowles* v. *Eidlitz & Son,* 121 Misc. Rep. 340.)

HISCOCK, Ch. J. This action is brought by plaintiff under the statute to recover damages for the death of

his intestate, a young boy. In pursuance of this purpose he has brought his action against two defendants setting up a separate cause of action against each. In the first cause of action he alleges in substance that the death of his intestate was solely caused by the negligence of the defendant Blau in erecting and maintaining an iron picket fence which was dangerous and attractive to children and whereby intestate was injured in a manner which caused infection and death. In the second cause of action against defendant Emil, he alleges that intestate being injured by a picket fence, came to defendant Emil, as a physician and surgeon, for treatment and that the latter so negligently treated him that, solely by reason of such negligent treatment, intestate died.

By a proper motion the appellant Emil argued the proposition that these two causes of action could not be united in one complaint but, while the Special Term agreed with his views, the Appellate Division in an elaborate opinion overruled them and denied his motion and, by his appeal, the question is now presented whether two such causes of action respectively against separate defendants may be united in one complaint. Certainly if this can be done a step has been taken away from prior rules of practice and procedure which will be regarded as a long and conspicuous one even in these times when the desire for procedural reform and improvement has become strong, widespread and fruitful. Of course we ought not to be led into taking it even under the alluring desire for progress and improvement if it is forbidden by controlling rules and statutory provisions.

The answer to the questions which are submitted to us is governed by several sections of the Civil Practice Act. Section 209 of that act has only a remote bearing. It provides: " All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alter-

native, where if such persons brought separate actions any common question of law or fact would arise," and it seems to be thought that a liberal provision for the joinder of plaintiffs ought to be helpful in an attempt to uphold the joinder of defendants. But if it were possible, under any circumstances, to make a provision for the joinder of plaintiffs helpful argumentatively to an attempt to join defendants, that situation would not be presented by the facts of this case. The question which seemed, in the court below, to be thought to be one of fact common to both causes of action set out in this complaint, " who is liable for the death of plaintiff's intestate," is not in our opinion such a common question as is contemplated by this section. (*Akely* v. *Kinnicutt,* 238 N. Y. 466.)

Section 211 provides that " All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities." Section 212 provides that " It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him." It is not claimed that section 213 covers this action.

In our opinion these sections even when considered by themselves and without reference to any other provisions do not authorize any such inclusion of causes of action in one complaint as has been attempted in the present action. Section 211 contemplates a case where a fundamental, common set of facts either entitles a plaintiff to relief against all the defendants even though such relief may be predicated upon different relationships or in the alternative against one of two or more defendants. An illustration of the latter condition would arise where the plaintiff had a single cause of action upon an obligation which entitled him to relief against one defendant if

a relationship of principal and agent existed between that defendant and the other one giving the obligation and which would entitle him to relief against the latter if no such relationship existed. Section 212 deals with a case where a given set of facts entitles the plaintiff to relief against all of the defendants but where he may not be entitled to the same measure or kind of relief against one as against another and where his right to relief may give him an additional cause of action against one defendant which does not arise against another. But the section contemplates a case where there exists one set of facts entitling the plaintiff to relief against all of the defendants in some degree or form.

But, assuming that we might be tempted or forced to construe these sections standing by themselves as authorizing the present action, we are not at liberty to do this, for they are clearly limited by and must be construed in the light of section 258 of the Civil Practice Act which relates to and governs joinder of causes of action and which, so far as applicable, provides: " The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows * * *

" 9. Upon claims arising out of the same transaction, or transactions connected with the same subject of action, whether or not included within one or more of the other subdivisions of this section * * *.

" It must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section; that they are consistent with each other."

The inclusion in one complaint of the two causes of action which have been joined in this action is not authorized by any other subdivision of said section than subdivision 9 and, therefore, we come to the decisive inquiry whether that subdivision and the general clause relating

to consistency authorize what has been attempted by the plaintiff in this case. We shall consider first the latter requirement. As has been pointed out the cause of action alleged against each defendant is complete, independent and exclusive of any other cause of action. Whatever the plaintiff might have done in the way of trying to connect the two causes of action he has rejected any such possibility and preferred to stand on another theory. Obviously if the death of his intestate was caused by the negligence of the defendant Blau in maintaining a fence upon which the intestate received such injuries that his death resulted therefrom, the defendant Emil did not do anything to cause the death and, *vice versa,* if the defendant Emil by his negligence so treated an injury not connected with the offense of the other defendant as to cause death the other defendant is not liable. The plaintiff in order to meet the requirement that causes of action in order to be united in the same complaint must be consistent is obliged to maintain that a cause of action against one defendant for causing the death of an intestate by the negligent maintenance of a picket fence is consistent with a claim that another defendant caused such death by negligent and unskillful surgical treatment, and it seems almost too clear for serious debate that such contradictory and repugnant theories cannot be consistent. Of course we do not overlook the well-established and familiar rule upon which reliance has been placed that a plaintiff may consistently and properly join as defendants in one complaint several joint tort feasors. But that rule only applies where different persons by related and concurring acts have united in producing a single or common result upon which the action is based. If two railroads each negligently manages its trains so as to cause a collision causing an injury which results in death clearly both could be joined as defendants in a single action. But persons are not joint tort feasors within the meaning of this rule

when, as alleged, one causes death by one set of negligent acts and another, as alleged, causes death by an entirely different and separate form of negligence. They do not concur in producing the same and identical result — the same death so to speak. Pursuing the illustration which we have just used, if it should be alleged that the train of one railroad negligently ran over a man and injured him so that he died and that another railroad finding the same man by its tracks, not fatally injured, treated him so negligently that solely by its acts it killed him, it could not seriously be contended that those two railroads within the tort feasor rule could be joined as defendants in the same cause of action on the theory that they had jointly and concurrently caused the death complained of. Two persons cannot be sued as joint tort feasors where it is alleged that one defendant caused death by a picket fence alleged as an independent and exclusive act of negligence and that another defendant caused death by negligent surgical treatment alleged as an independent and disconnected act. Plaintiff at this point fails to sustain his complaint.

Then going still farther and considering subdivision 9 which defines causes of action which may be united in one complaint, plaintiff encounters still other objections to his complaint which are insuperable. That subdivision as has already been stated permits the joinder in one complaint of causes of action " upon claims arising out of the same transaction or transactions connected with the same subject of action." It is plain that plaintiff's two causes of action do not rest " upon claims arising out of the same transaction."

Neither, in our judgment, can it be said that the causes of action are brought to recover " upon claims arising out of * * * transactions connected with the same subject of action." The difficulty here arises in determining what is meant by the words " the same subject of action " and which phrase has been said by a distinguished

judge to be " well chosen * * * because it is so obscure and so general as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice." (*New York & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592, 604.)

We think, however, that an interpretation has been given to the language by a series of decisions and textbooks which makes it usually applicable to actions seeking equitable relief and not to ordinary actions of law like the present one and that even if it be applicable to the latter class of actions it does not permit that joinder of causes of action which has been attempted. Some decisions and the opinions written in connection therewith may be referred to as illustrating its lack of application to the present case. In *Corcoran* v. *Mannering* (10 App. Div. 516) a remainderman complained that a life tenant had received rents from and failed to pay taxes levied upon the devised premises and further that the plaintiff advanced money to pay the expenses of probating the will of the common testator and took from the defendant an assignment of the rents to secure such advances, and the appointment of a receiver was asked for. It was held that the action was one in equity and that both claims related to the same subject, namely, the real property and that, therefore, the transactions were connected with the same subject of action. The opinion distinctly recognized the difference between such an action and actions at law for damages where independent causes were attempted to be united and said that " the rule is plain and the distinction between the cases clear." In *Porter* v. *International Bridge Co.* (45 App. Div. 416, 419), where it was argued in support of a demurrer that there were united in one complaint two causes of action, one in ejectment for possession of the land and another to have declared void an alleged easement and for injunction against trespass, it was said:

2

" Both causes of action are connected with the same subject of action, to wit, the occupancy of plaintiff's land," and, therefore, might be united in the same complaint under the provision now being considered. In *New York & N. H. R. R. Co.* v. *Schuyler* (*supra*), where an action was brought to have spurious certificates of stock issued to many people canceled as clouds upon the title of the genuine stockholders, it was held that claims against different stockholders might be united in one complaint, it being said, " The common point and center of the litigation is the stock, property and franchises of the plaintiff's corporation, in which the defendants claim specific shares and proportions as holders of the false certificates. * * * They are of precisely the same nature, they turn upon the same question, and they are a cloud upon the same estate." (p. 608.)

In *Shepard* v. *Manhattan R. Co.* (117 N. Y. 442, 450) the plaintiffs asked damages caused by the existence of an elevated structure in front of their premises and also an injunction against the continuance of the obstruction in the street in the operation of the road, and the complaint was demurred to on the ground that causes of action were improperly united in the complaint. But the court interpreting the clause of subdivision 9 which we are now considering said, " The subject of the action is the construction and operation of the railroad, and the appropriation and the intrusion by the defendant of and upon property rights, and the damages occasioned thereby," and that a cause of action for the maintenance of the operation of the railroad and a cause of action for temporary damages sustained both arose out of the same transaction, namely, the intrusion by the defendant upon the property rights of abutting owners.

And still again, in *Lamming* v. *Galusha* (135 N. Y. 239, 243), where in a somewhat similar action the plaintiff united with a demand for equitable relief one for damages caused by interference with the use of real estate, it was

held that his claims arose out of transactions connected with the same subject of action and the court said: " The subject of the action in this case was the injury committed by the defendant in maintaining a public nuisance which subjected the plaintiff to injuries specified * * *. The injuries were distinct in character, * * *. But they both proceeded in a general sense from the same wrong, the unlawful obstruction of the highway by the defendant, and they were all, we think, transactions connected with the same subject of action." (See, also, *Lattin* v. *McCarty*, 41 N. Y. 107.)

Thus we see that this clause as it has been interpreted by the courts is applicable to a given state of facts wherefrom the plaintiff seeks different kinds of relief, but all of which kinds of relief spring from the same state of facts and, therefore, are connected with the same subject of action.

The opposite view which has been applied to ordinary actions at law is expressed in various cases. In *Keep* v. *Kaufman* (56 N. Y. 332) the complaint contained a cause of action for breach of covenant of quiet enjoyment and also one for the action of defendant in obtaining entrance to the premises in question and removing some of plaintiff's goods and it was held that these legal causes of action could not be joined in one complaint although they related to the same premises.

In *Wiles* v. *Suydam* (64 N. Y. 173, 179) a complaint set forth a cause of action against a defendant because of a failure to make and record the certificate required by the act relating to manufacturing corporations and also a cause of action seeking to charge him as trustee with the debt because of failure to file an annual report. It was held that these two causes of action could not be united in the same complaint, it being said: " The causes of action are independent of each other; the ' transactions ' are different, and there is no legal affinity between them. The language of the last clause (the one we have been

o

considering) is more applicable to equitable actions where the controversy is in respect to specific property, real or personal. It is difficult to define in this case the ' subject of action.' The object of the action is to recover the debt; but is the debt the subject of action? In some sense it, perhaps, may be so regarded, while in another the subject of action may be regarded the penalty or forfeiture." (See, also, Pomeroy on Legal Remedies, secs. 4724c *et seq.*)

When we apply the principles thus laid down to the present action we believe that the different causes of action do not arise out of transactions connected with the same subject of action. "Subject of action" does not mean the same thing as "cause of action" or "object of action" and we think that the Appellate Division erred in its view that "The subject of the action is to recover damages for death caused by negligence or nuisance or both." That is the object of the action or the cause of action and if we should adopt that interpretation of the statute we would simply have a provision that causes of action might be united when arising out of transactions connected with the same cause of action, a result which would be meaningless. The "subject of action" in this action is the negligent act resulting in injury causing the death of the intestate and upon which, under the statute, plaintiff predicates a cause of action and seeks to recover damages. But of course the two causes of action are not connected with the same subject of action, for we again come back to the different negligent acts alleged in the two causes of action. In one case the subject of action is the wrongful act of one defendant in maintaining the fence and in the other cause of action it is the wrongful act of defendant in negligently treating the intestate. The two causes of action each against a different defendant do not arise out of transactions connected with the same subject of action. So again we think that plaintiff's complaint fails of survival when

it is subjected to the test imposed by subdivision 9 and must be condemned as faulty.

Our conclusion, therefore, is that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division and the third question submitted answered in the negative, it being unnecessary to answer the others.

CARDOZO, J., dissents upon the ground that a negligent tort-feasor is not relieved of liability because the injury has been aggravated by the malpractice of a surgeon (*Sauter* v. *N. Y. C. & H. H. R. R. Co.*, 66 N. Y. 50); that the two causes of action are, therefore, not inconsistent, since proof of the one will not exclude the other, but both may coexist; that each of the defendants has thus contributed to a single casualty which is the subject of action, *i. e.*, the death of the child to the pecuniary damage of the parents; that a death so occasioned supplies a unifying center which " connects " the subject of action in one count with the subject of action in the other (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552, 556, 557; *Terkuile* v. *Marsland*, 81 Hun, 420, 424, 425; *Deagan* v. *Weeks*, 67 App. Div. 410); that until the adoption of the Civil Practice Act, the objection would have been a good one that each of the causes of action does not affect all the parties to the action (Code Civ. Pro. § 484), but that by Civil Practice Act, section 258, this requirement is omitted with the result that joinder is allowed.

POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur with HISCOCK, Ch. J.; CARDOZO, J., dissents in memorandum.

Order reversed, etc.