**McNALLY v. SIMONS et al.**

District Court, S. D. New York.
July 19, 1939.

Hughes, Richard, Hubbard & Ewing, of New York City, for plaintiff.

Latson & Tamblyn, of New York City, for defendant Simons.

GODDARD, District Judge.

Rule 20 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governs the situation. In substance, that provides that joinder of parties defendant is permissible if the claim or claims alleged in an action arise out of a series of transactions or occurrences and there is any question of law or fact common to all of them which will arise in the action.

This case does arise out of the same series of occurrences and there are a number of common questions of fact and law in issue.

The case of Ader v. Blau, 241 N.Y. 7, 148 N.E. 771, 41 A.L.R. 1216, and cases following it, which denied alternative joinder of causes of action where there is a common question of law or fact, are not in point since the adoption of the new federal rules which govern the procedure in the Federal Courts and this is a matter of procedure.

It is obvious why this defendant would prefer to try his case separately, but doing so will result in no substantial prejudice to him; on the other hand delay, expense and inconvenience to witnesses and all concerned will be considerably lessened by trying the entire matter at the same time. Furthermore, as Judge Patterson said in Julius Klugman's Sons v. Oceanic Steam Nav. Co., D.C., 42 F.2d 461, "Otherwise, it might happen that the complaint was dismissed as to a defendant and that later on a remaining defendant presented clear proof pointing toward the liability of the defendant who was then no longer in the case". 42 F.2d page 463.

The defendant's motion is denied.

Settle order on notice.