Great Northern Telegraph Company (Limited), Appellant,
v. Yokohama Specie Bank, Limited, in Liquidation, et al.,
Respondents.

Argued September 29, 1947; decided November 20, 1947.

136

*William J. O'Shea, John Godfrey Saxe, Frederick v P. Bryan* and *Irwin B. Crosman* for appellant. I. The courts below had full power to grant plaintiff's motion. (Civ. Prac. Act, §§ 192, 211, 213, 258; *Lamport* v. *Smedley,* 213 N. Y. 82; *Gittleman* v. *Feltman,* 191 N. Y. 205; *Jamison* v. *Lamborn,* 207 App. Div. 375; *Jacobs* v. *Barron,* 215 App. Div. 560; *Land Mark Corp.* v. *Manufacturers Trust Co.,* 238 App. Div. 844; *Riordan* v. *Peoples Savings Bank,* 258 App. Div. 904; *Prescott & Son* v. *Nye,* 223 App. Div. 356; *S. L. & Co.* v. *Bock,* 118 Misc. 756; *Thomas* v. *Moore,* [1918] 1 K. B. 555; *Matter of Beck, Attia* v. *Seed,* 118 L. T. 629;

*Payne* v. *British Time Recorder Co.,* [1921] 2 K. B. 1; *Horwood* v. *Statesman Publishing Co.,* 141 L. T. 54; *Bailey* v. *Marchioness Curzon,* [1932] 2 K. B. 392; *Green* v. *Berliner,* [1936] 2 K. B. 477.) II. The Court of Appeals, if and when it answers either question submitted in favor of appellant, should reverse and grant the motion. (Van Bergh, Jurisdiction and Practice of the Court of Appeals, p. 161; *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14; *People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70; *Matter of Hogan* v. *Supreme Court,* 281 N. Y. 572.) III. The statutes of this State confer full power on the lower courts to permit joinder of defendants and causes of action in their discretion. (*Payne* v. *British Time Recorder Co.,* [1921] 2 K. B. 1; *Puritan Fabrics* v. *Charm Togs,* 188 Misc. 646.)

*Edward Feldman, Henry L. Bayles* and *Daniel Gersen* for Elliott V. Bell, Superintendent of Banks of the State of New York, respondent. I. Joinder of alternative defendants and the introduction of extraneous causes of action are improper in a special proceeding under the Banking Law to establish a statutory right to participate in the assets of a liquidation. (*Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *People* v. *American Loan & Trust Co.,* 172 N. Y. 371; *People* v. *Metropolitan Surety Co.,* 205 N. Y. 135; *Ticonic National Bank* v. *Sprague,* 303 U. S. 406; *Matter of State Bank of Canastota,* 238 App. Div. 39, 263 N. Y. 571; *F. D. I. C.* v. *Farmers Bank of Newton,* 238 Mo. App. 350; *Carr* v. *Yokohama Specie Bank,* 272 App. Div. 64, 297 N. Y. 674; *Matter of Societa Di Savoia* v. *Broderick,* 260 N. Y. 260; *Matter of Bank of United States,* 269 N. Y. 578, 271 N. Y. 660, 299 U. S. 614; *Schwarz* v. *Broderick,* 269 N. Y. 610.) II. In any event this is not a proper case for the joinder of an alternative defendant under the provisions of the Civil Practice Act. (Civ. Prac. Act, §§ 211, 213; *Ader* v. *Blau,* 241 N. Y. 7; *Stern* v. *Ide & Co.,* 212 App. Div. 714; *Shiowitz* v. *Fisher,* 187 Misc. 897; *Klein* v. *Betzold,* 119 Misc. 505; *Nicholson* v. *Close,* 258 App. Div. 488; *Wertheim* v. *Lehigh Valley Coal Co.,* 249 App. Div. 597; *Bussett* v. *California Builders Co.,* 123 Cal. App. 657; *Besharian* v. *Rhode Island Co.,* 41 R. I. 94; *Eames* v. *Mayo,* 93 Conn. 479.) III. Joinder of defendants is not purely a matter of discretion. (*Thomas* v. *Moore,* [1918] 1 K. B. 555; *Horwood* v. *Statesman Publishing Co.,* 141 L. T. 54; *Payne* v. *British Time*

*Recorder Co.,* [1921] 2 K. B. 1; *Ader* v. *Blau,* 241 N. Y. 7.) IV. The Appellate Division has not reviewed or passed upon the exercise of discretion by Special Term. (*People ex rel. Dawley* v. *Wilson,* 232 N. Y. 12; *Matter of Reimers,* 264 N. Y. 62.)

THACHER, J. The Appellate Division has affirmed, as a matter of law and not in the exercise of discretion, an order which denied a motion by the plaintiff to join The Chartered Bank of India, Australia and China as an additional party defendant in the action against whom plaintiff's right to relief is alleged to exist in the alternative and in allowing this appeal has certified the following questions:

" 1. Had the Supreme Court the power to grant plaintiff's motion to join The Chartered Bank of India, Australia and China as an additional party herein against whom plaintiff seeks relief in the alternative?

" 2. Did the Appellate Division err in holding that plaintiff's application should be denied as a matter of law? "

The Yokohama Specie Bank, Limited, is a Japanese banking corporation. It was licensed by the Superintendent of Banks to maintain a banking business in New York referred to as the New York Agency. Prior to December 8, 1941, the Yokohama Specie Bank in Japan, for good consideration and at the request of the plaintiff, agreed to make payments in dollars to plaintiff's order at its New York Agency and The Chartered Bank agreed with plaintiff to collect and hold these payments for plaintiff's account. On the outbreak of the war between Japan and the United States on December 8, 1941, the superintendent took possession of the New York Agency for purposes of liquidation, and, pursuant to section 620 of the Banking Law, notified, by mail or by publication as prescribed therein, all persons whose names appeared on the books of the agency as creditors or depositors to file claims with him on or before November 23, 1942. Thereafter The Chartered Bank filed with the superintendent three claims against the New York Agency for plaintiff's account for $57,219.22 and $25,637.20 and $29,296.87 respectively, but failed to file a fourth claim for another $29,296.87 and also failed to institute any action for the collection of any of these claims before the expiration of the time fixed by section 625 of the Banking Law for the commencement of such actions.

The plaintiff during German occupation of Denmark was under disability resulting from its status as a Danish corporation, and received no notice, by publication or otherwise, of the requirements for filing claims or instituting suit against the New York Agency, nor was any action taken in its behalf by the Alien Property Custodian. German occupation of Denmark having ended, plaintiff brought this action against the Superintendent of Banks and the Yokohama Specie Bank, Limited, in liquidation, and, being confronted by the defense that the action was not commenced within the time specified by subdivision 4 of section 625 of the Banking Law, made this motion to join The Chartered Bank as an additional defendant against whom relief is sought in the alternative. Plaintiff contends that its time to institute the action prescribed by section 625 of the Banking Law was extended during its disability to file claims and to institute actions, but asserts in the alternative that if barred by these provisions of the Banking Law from recovery against the fund in the hands of the superintendent it may nevertheless recover against The Chartered Bank for its failure to file claims and bring actions thereon within the times limited (cf. *Carr* v. *Yokohama Specie Bank,* 272 App. Div. 64, affd. 297 N. Y. 674).

We are concerned with sections of the Civil Practice Act having to do with the joinder of defendants (Civ. Prac. Act, §§ 211, 212, 213). These sections are closely related both in origin and function to those sections of the Civil Practice Act which deal with the joinder of plaintiffs (§ 209) and the joinder of causes of action (§ 258). In their present form all of these sections were designed to conform the practice relating to parties with rules 1, 4, 5 and 7 of order XVI of the Supreme Court of Judicature in England. Section 209 of the Civil Practice Act finds its source in rule 1 of that order; section 211 in rule 4; section 212 in rule 5, and section 213 in rule 7. Section 258 in its original form had no counterpart in the English rules. It was amended in 1935 (L. 1935, ch. 339) to overcome the decision of this court in *Ader* v. *Blau* (241 N. Y. 7) where it was held that before its amendment this section prevented the joinder of a cause of action against one defendant, for causing death through negligently maintaining a fence, in the same complaint

with a cause of action against the physician, who took care of the injured intestate, for causing death through malpractice. In its First Annual Report the New York Judicial Council (1935) said of this amendment (p. 44): " The Court of Appeals in Ader vs. Blau (1925) 241 N. Y. 7 held that section 258 limited the sections with respect to parties.

" Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder both of parties and of causes of action is the English one: May the matters conveniently be tried together? "

In construing these provisions of the Civil Practice Act we should give great weight to the construction placed upon similar provisions in the English practice order by the English courts (*Akely* v. *Kinnicutt*, 238 N. Y. 466, 477). The language of rule 4 of the English practice order (section 211 of our Civil Practice Act), although differing from the language of rule 1 of the practice order (section 209 of our Civil Practice Act), was construed as if it read the same, the English courts holding that joinder of defendants liable to plaintiff on different causes of action would be allowed if the claims arose out of the same transaction or series of transactions and if separate trials of the causes of action would involve common questions of law or of fact (*Oesterreichische Export A. G.* v. *British Indemnity Ins. Co.*, [1914] 2 K. B. 747; *Thomas* v. *Moore*, [1918] 1 K. B. 555; *Compania Sansinena de Carnes Congeladas* v. *Houlder Bros. & Co.*, [1910] 2 K. B. 354). Such was the construction of the English rules at the time they were written into the Civil Practice Act of 1920. Shortly thereafter it was held in *Payne* v. *British Time Recorder Co.* ([1921] 2 K. B. 1) that a plaintiff who agreed to furnish supplies to the defendant British Time Recorder Company according to a specimen furnished by it, and who procured the supplies from another who agreed to furnish them in accordance with the same specimen, could join the purchaser and the supplier as defendants in the same action, suing the purchaser for the price and the supplier in the alternative for breach of contract if it appeared that the supplies did not conform to the specimen. Holding the joinder proper, the Master of the Rolls observed that there was a common question

as to whether the cards conformed to the specimen, and further observed that to sustain the joinder it was not necessary that there be any link between the two defendants or that liability for damage be common to both.

In *Bailey* v. *Marchioness Curzon of Kedleston* ([1932] 2 K. B. 392) plaintiff sued Lady Curzon in an action for breach of agreement to employ him as companion to her son and in a separate action sued the son for repayment of disbursements made on his behalf. On motion to consolidate, SCRUTTON, L. J., after quoting rule 1 relating to the joinder of plaintiffs (cf. Civ. Prac. Act, § 209) and rule 4 relating to joinder of defendants (cf. Civ. Prac. Act, § 211), and observing the omission in the latter rule of the provision concerning claims arising out of the same transaction or series of transactions and concerning common questions of fact or law, went on to say that the two rules had been held to cover " the same ground " and are to be construed liberally in favor of allowing many matters to be tried in one action. Section 211 of the Civil Practice Act, following the English rule, does not mention " causes of action " but in terms refers to defendants " against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative ". Such language, although it fails to use the term " cause of action ", nevertheless denotes a cause of action to be asserted in the alternative against the defendant to be joined. Thus in joining a defendant against whom relief is sought in the alternative there is necessarily involved the joinder of another cause of action. Such joinders were allowed in England when the English practice was embodied in our Civil Practice Act (cases cited *supra*), but only if the liabilities asserted against different defendants arose out of the same transaction or series of transactions and if separate trials of the causes of action would involve common questions of law or of fact.

The separate causes of action against each of the defendants arose out of the same transaction or series of transactions and common questions of fact and of law were involved. Plaintiff alleges that there were involved a series of exchange transactions in which funds were transferred from Japan to New York to be paid to The Chartered Bank for plaintiff's account and that the proceeds of these transactions were held by the agency

when the Superintendent of Banks took possession. Plaintiff's right to relief is alleged to exist in the alternative against the fund in possession of the superintendent, if its cause of action is not barred by the statutory limitation, and against The Chartered Bank, if its cause of action against the superintendent has been lost because of the failure of The Chartered Bank to make timely demand or institute action for collection of the money held for plaintiff's account. The question of law and of fact common to the claims of relief against each of the defendants is the question whether or not the action to recover from the superintendent is barred by the statutory limitation.

The purpose of the Civil Practice Act being to simplify and facilitate conduct of litigation, it is liberally construed to accomplish that purpose, but in our view this case is not only within the purpose but within the clear meaning of the statute when construed in the light of the English practice.

The superintendent contends that *Ader* v. *Blau* (*supra*) is controlling authority against this conclusion. We do not think so. Chief Judge HISCOCK placed the decision of the court in that case upon provisions of section 258 of the Civil Practice Act as it then read. This is made clear in the opinion at page 14: " But, assuming that we might be tempted or forced to construe these sections standing by themselves as authorizing the present action, we are not at liberty to do this, for they are clearly limited by and must be construed in the light of section 258 of the Civil Practice Act ". The limitations imposed by that section were repealed in 1935 (L. 1935, ch. 339; see First Annual Report of N. Y. Judicial Council, 1935, quoted *supra*).

The superintendent also contends that additional parties should not be added because such procedure will complicate and delay the liquidation of the fund in his hands. If there be force in that suggestion it should be addressed to the discretion of the court below. The questions which we are to answer are limited to the power of the Appellate Division to grant the motion if in its discretion it concludes to do so. We may not exercise that discretion.

The appellant suggests that if we reverse we should grant the motion without remitting to the Appellate Division. We think the order of affirmance was in compliance with subdivision (b)

of section 603 of the Civil Practice Act and that the matter should be remitted to the Appellate Division.

The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings not inconsistent with the opinion herein, with costs to abide the event. The questions certified should be answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.