Arthur Wachtel, J.
Motion is denied. The defendant J. J. Secóles, Inc., relies upon the rule as it existed prior to the amendments of the Civil Practice Act in 1935 and 1949. Ader v. Blau (241 N. Y. 7 [decided July, 1925]), which is relied on by defendant, enunciates the old rule on the basis of section 258 of the Civil Practice Act as it then read. It has been specifically reversed by the Court of Appeals in Great Northern Tel. Co. v. Yokohama Specie Bank (297 N. Y. 135 [decided Nov., 1947]) upon the basis of the repeal of the limitations imposed by that section by the amendment enacted in 1935 (L. 1935, ch. 339). The 1935 amendment was adopted as a result of the recommendation of the Judicial Council that the rule of Ader v. Blau be repealed and that “ Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder both of parties and of causes of action is the English one: May the matters conveniently be tried together? ” (See First Annual Report of N. Y. Judicial Council, 1935, p. 44.)
The case of Baksi v. Wallman (62 N. Y. S. 2d 26) cited by defendant was decided on the authority of Ader v. Blau and before its reversal in Great Northern Tel. Co. v. Yokohama Specie Bank (supra). All doubt as to the question of joinder has been removed by the amendments of 1949 resulting from the recommendations of the Judicial Council (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 22A).
By these amendments, section 258 of the Civil Practice Act now provides: “ Joinder of causes of action. The plaintiff *936 may join in the same complaint two or more independent or alternate causes of action, regardless of consistency, whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice. There may he a like joinder of causes of action when there are multiple parties and the requirements for joinder of parties are satisfied.” (Amendments underlined.)
The effect of this amendment is to give equal freedom to joinder of causes of action, as section 212 of the Civil Practice Act gives to joinder of parties. Section 212 provides: “ 2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them may arise in the action. Judgment may be given according to then-respective liabilities, against one or more defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced. ’ ’ (Entire paragraph is amendment.) “3. It shall not be necessary that each plaintiff shall he interested in obtaining, or each defendant be interested in defending against all the relief demanded, or as to every cause of action included in any proceeding; but the court may order separate trials or make such other orders as will prevent a party from being prejudiced, delayed, or put to expense by the joinder of a party against whom he asserts no claim and who asserts no claim against him.” (Amendments underlined.)
Under these amended provisions the proposed joinder of parties and causes of action is permissive.