TANBRO FABRICS CORPORATION, Appellant-Respondent, *v.* BEAUNIT MILLS, INC., et al., Respondents-Appellants.

BEAUNIT MILLS, INC., Respondent-Appellant, *v.* TANBRO FABRICS CORPORATION, Appellant-Respondent.

TANBRO FABRICS CORPORATION, Appellant-Respondent, *v.* AMITY DYEING & FINISHING CO., INC., Respondent-Appellant.

First Department, October 29, 1957.

*Samuel Gottlieb* of counsel (*Bernard Beitel* with him on the brief; *Gainsburg, Gottlieb, Levitan & Cole,* attorneys), for appellant-respondent.

*S. Hazard Gillespie, Jr.,* of counsel (*Louis L. Stanton, Jr.,* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for Beaunit Mills, Inc., respondent-appellant.

*Irving Abraham* of counsel (*Muhlstock & Blei,* attorneys), for Amity Dyeing & Finishing Co., Inc., respondent-appellant.

BREITEL, J. Stripped of procedural details, the question here is whether a buyer of textile goods may obtain a single trial against the seller and the processor of the goods, either by joinder in a single action, or by consolidation of actions, to determine whether the goods are defective, and if so, whether the defect is the consequence of breach by the seller, or the processor, or both of them. Special Term held that such joinder or consolidation is not available. A contrary view is reached here. It is held that the buyer is entitled to have such a common trial, either by joinder in a single action or by a consolidation of actions.

The underlying business dispute spawned three lawsuits. In the first action (the second in the captioned title), the seller, Beaunit, sought to recover the purchase price of goods sold and delivered to Tanbro. The buyer, Tanbro, counterclaimed for breach of warranty for improper manufacture, as a result of which the goods were subject to " yarn slippage ". The seller replied to the counterclaim by denying that the slippage was due to improper manufacture. A portion of the goods still being in the hands of the processor, Tanbro initiated another action (the third in the captioned title), in replevin, to recover these goods. The processor, Amity, counterclaimed for its

charges and asserted its claim to the goods under an artisan's lien. In the exchanges that preceded and attended the bringing of these lawsuits, the buyer Tanbro received Beaunit's assertion that the yarn slippage was caused by the processor's improper handling, while with equal force the processor charged the same defect to Beaunit as a consequence of its improper manufacture.

At this juncture, Tanbro, the buyer, brought the third lawsuit (the first in the captioned title) against Beaunit and Amity, charging the goods were defective because of yarn slippage and that such slippage was caused by either the seller, Beaunit, or alternatively the processor, Amity, or both. This is the main action before the court.

At Special Term, the buyer Tanbro moved to consolidate the three actions. Beaunit and Amity separately cross-moved to dismiss the complaint in the buyer's main action on the ground that there were prior actions pending between the parties with respect to the same cause of action. The motion to consolidate was denied and Beaunit's cross motion to dismiss the complaint as against it was granted.

The order should be modified by granting the consolidation, denying the cross motion of the seller Beaunit to dismiss the complaint as to it in the buyer's main action and otherwise affirming the order.

Both the seller and the processor resist consolidation. They do so on the ground that each had a separate and different relationship to the buyer, and that each was involved in a separate and independent contract. Therefore, they say, there is not involved the " same transaction or occurrence ", nor any common question of law or fact to sustain either a joinder of parties or a consolidation of the actions.* They stress that the buyer Tanbro wishes to pit against each other the seller and the processor on the issue of responsibility for the alleged defect, while the buyer sits back free from the obligation to prove a full case, as it would otherwise have to do in separate actions against the seller and the processor. The buyer, on

---

* Both at Special Term and by the argument of the parties in this court it has been assumed that if a joinder of parties were permissible, then a consolidation of the actions was likewise authorized. As a matter of fact the statute authorizing consolidation is a much broader one than that permitting joinder of parties (see Civ. Prac. Act, § 96). It is true, however, that on occasion tests justifying joinder have been used in determining whether consolidation was proper. (See 2 Carmody-Wait on New York Practice, p. 466 et seq., esp. pp. 474–475.) Such an assumed identity of test is not justified by the statutes. Nevertheless, for the purposes of this case, if the parties may be joined, a fortiori, the actions may be consolidated.

the other hand, argues that what is identical to the cases are the goods and the defect, with the common question of who is responsible for the defect. The buyer concedes that it would have to prove the defect, and also prove that the defect must have been caused by either the seller or the processor or both of them; that, therefore, this involves a single transaction or occurrence and involves a common question of fact.

The controlling statute is section 212 of the Civil Practice Act. That section is a product of a codification revision in 1949 (L. 1949, ch. 147; Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 211 *et seq.*). The portion pertinent to the joinder of defendants reads as follows: "2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them would arise in the action. Judgment may be given according to their respective liabilities, against one or more defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced." A reading of the section by itself would suggest little or no difficulty in permitting a joinder of parties in the buyer's main action or a consolidation of the three actions. However, the section has a history, which has created some confusion as to the meaning and application of the section.

The seller and the processor rely heavily on *Ader* v. *Blau* (241 N. Y. 7). The case arose under the predecessor statute permitting joinder, the then section 211 of the Civil Practice Act. In that case the plaintiff sought to join in one death action the person charged with having caused the accident resulting in the injuries ending in death and a treating physician who, it was charged, by his incompetence, was the cause of the decedent's death. The Court of Appeals expressed doubt whether the joinder statute contemplated joinder in such a case, even if the section were given a liberal interpretation. It went on, however, to hold that section 258 of the Civil Practice Act, since repealed, albeit a restriction on joinder of causes of action in pleading, was a limiting factor in permitting joinder of parties. Applying the statute, it held the joinder impermissible.

In reaction to this decision, and on the recommendation of the Judicial Council, section 258 was repealed in favor of a broad pleading section (L. 1935, ch. 339; First Annual Report of N. Y. Judicial Council, 1935, p. 44). In making the recommendation, the Judicial Council referred to the *Ader* case

(*supra*) and the fact that the court had regarded the area of joinder of parties limited by the pleading restrictions of section 258. It added, '' Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder both of parties and of causes of action is the English one: May the matters conveniently be tried together? The problem is to combine as many matters as possible to avoid multiplicity and at the same time not unduly complicate the litigation for the jury.''

The full effect of the repealer of old section 258 has, however, not been left to speculation. The Court of Appeals, in *Great Northern Tel. Co.* v. *Yokohama Specie Bank* (297 N. Y. 135) discussed the question frontally. It held that the *Ader* case (*supra*) was a result of the pleading limitation contained in the old, and now repealed, section 258. The court went on to point out that section 211, as it then was, permitting joinder of parties, was designed to adopt the English practice with regard to joinder in this State, and, accordingly, that the greatest weight should be given to the cases under the English practice. It then referred, among others, to the case of *Payne* v. *British Time Recorder Co.* ([1921] 2 K. B. 1), in which it was held that an unpaid seller could join in one action the purchaser, in seeking recovery of the price, and the actual supplier for breach of contract, in the alternative, if it appeared that the supplies did not conform to the sample. And in the *Great Northern* case, itself, joinder was allowed plaintiff against the Superintendent of Banks for payments due plaintiff, on which claim the superintendent was asserting as a bar a time limitation provided by statute, and a correspondent bank, which plaintiff asserted owed a duty to plaintiff to file the claim promptly with the Superintendent of Banks, in the event that it should be held that the claim was barred by lapse of time.

Notably, in the *Great Northern Tel.* case, and in the English cases relied upon therein, there were joined, as defendants, parties that owed to plaintiff obligations under independent and separate contracts and in independent and separate relationships. In none of the cases was the '' same transaction or occurrence '' construed to require an identity of duty and relationship. In the English case, discussed above, it had been held that the common question was whether the supplies conformed to the sample. In the *Great Northern* case the common question was whether the claim had been barred by lapse of time. In the instant case the common questions are: Were the goods defective, and if so, by whom was the defect caused?

The emphasis in the legislative and decisional history is that the joinder statute is to be accorded broad liberality and interpretation in order to avoid multiplicity of suits and inconsistencies in determination. Moreover, the philosophy of broad joinder of parties has been followed in many jurisdictions. (See 3 Moore on Federal Practice [2d ed.], par. 20.04, p. 2718*.)

In 1949, when the joinder statutes were revised and codified, again on the recommendation of the Judicial Council, the history of these statutes was considered and the principle of liberal application reaffirmed. Quite appropriate to the problem at hand, is the following comment by the Judicial Council: " An additional ground for the recommended repeal of section 213 is that its wording would seem to lend some support to a narrow construction accorded by the courts to the provisions authorizing alternative joinder prior to the decision in *Great Northern Telegraph Company* v. *Yokohama Specie Bank.* Section 213 reads as if it limited rather than extended the scope of alternative joinder authorized under section 211 by requiring a situation in which one common set of facts indicates liability of several persons for one single wrong for which either one or the other defendant is liable, depending upon some fact of which the plaintiff has no knowledge. While such a narrow construction, which would exclude cases of alternative liability based on separate and distinct wrongs, has been rejected by the Court of Appeals in the *Great Northern Telegraph Company* case, it appears advisable to clarify the statutory scheme and to avoid misunderstanding in the future by the elimination of the section." (Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 220–222.)

This then is the background for the present section 212 of the Civil Practice Act. It should be beyond argument, by now, that it is no longer a bar to joinder, and, by parallel reasoning, a fortiori, to consolidation, that there is not an identity of duty or contract upon which to assert alternative liability. It is still necessary, of course, that there be a finding that the alternative liability arises out of a common transaction or occurrence involving common questions of fact and law. But this is not a rigid test. It is to be applied with judgment and discretion,

* " By legislation in several states, notably California, Illinois, New Jersey, and New York, the English rules governing joinder were adopted into the codes. Since these adoptions, results similar to those in *Ader v. Blau* and *Olsen v. Banker's Trust Co.* [205 App. Div. 669] should no longer be reached, and the liberal English practice should be carried over with the realization that permissive joinder is no longer a matter to be governed by arbitrary classifications but should be determined by the conveniences of trial in each case."

in the balancing of convenience and justice between the parties involved (2 Carmody-Wait on New York Practice, § 34, p. 558 *et seq.*; 1 Bender's New York Practice, § 6.02, par. 3, p. 322). Indeed, the buyer's situation prompted Special Term to comment that the buyer, Tanbro, "is in the unenviable position of not knowing possibly which of its contracting parties is responsible and in separate actions may find itself confronted with defeat in each event though the product as finally delivered may be defective."

On the other hand, the view taken here does not mean that the buyer is not obliged to make out a prima facie case. Of course, it must. Its situation would be, as the Judicial Council foresaw in its Fifteenth Annual Report (*supra,* p. 220): "Similarly, when a party is in doubt as to the person from whom he is entitled to relief, the pleading of necessity will assert a right in the alternative; for only by asserting facts which in the alternative fasten liability either upon one or the other defendant can the plaintiff make out a cause of action and, by proving such facts, establish a prima facie case."

This is precisely the holding by the Court of Appeals in *Chase Nat. Bank of City of N. Y.* v. *Battat* (297 N. Y. 185) a decision made at the same term as the decision in the *Great Northern* case (*supra*). (See, also, *S. & C. Clothing Co.* v. *United States Trucking Corp.,* 216 App. Div. 482; *Klugman's Sons* v. *Oceanic Steam Nav. Co.,* 42 F. 2d 461 [S. D. N. Y.].)

In the light of this reasoning, the cross motion dismissing the complaint in the buyer's main action against the seller, Beaunit, on the ground of prior action pending, should have been determined otherwise. It is in that action and under that complaint that both defendants are charged with alternative liability. While consolidation would bring all of the parties and their respective claims and cross claims together, there would actually be no pleading which asserts alternative liability under section 212. There is no reason why the issue should not be presented by a forthright pleading, although, concededly, so long as consolidation is granted the matter is not of the greatest moment.

The right of joinder and the privilege to obtain consolidation is always counterbalanced, of course, by the power of the court to grant a severance, or to deny a consolidation, if prejudice or injustice appear. In this case, the danger of separate trials, leading, perhaps, to an unjust and illogical result, is a possibility well worth avoiding. The buyer is entitled to a less hazardous adjudication of his dispute, so long as he is able to make out a prima facie case of alternative liability.

Accordingly, the order of Special Term insofar as it granted the cross motion to dismiss the complaint in the first-described action as against the defendant Beaunit and denied the buyer Tanbro's motion to consolidate the three actions should be modified to deny the cross motion and to grant the motion to consolidate, and otherwise should be affirmed, on the law and in the exercise of discretion of the court, with costs to the appellant-respondent against the respondents-appellants.

PECK, P. J., BOTEIN, RABIN and VALENTE, JJ., concur.

Order unanimously modified to deny the cross motion to dismiss the complaint and to grant motion to consolidate, and as so modified, affirmed. Settle order on notice.