AMERICAN DEFENSE SOCIETY, INC., Respondent, *v.*
THE SHERMAN NATIONAL BANK OF NEW YORK,
Appellant.

**Bills, notes and checks — payment of checks by bank after
payment thereof stopped by drawer — in absence of ratification
of such payment bank is liable therefor to the drawer.**

Plaintiff stopped payment on checks drawn on defendant, which
failed to carry out the instruction, and paid the checks. While the
proof showed the checks were drawn to pay an indebtedness of
plaintiff to the payee, there is no evidence to show that after the
bank's mistake the depositor recognized or adopted the unauthorized
payment in any way. In the absence of such ratification the bank
was liable to the depositor, as it could not justify paying out the
depositor's money without authority by showing that the recipient
was justly entitled to it.

*American Defense Society* v. *Sherman Nat. Bank*, 176 App. Div.
250, affirmed.

(Argued January 22, 1919; decided February 25, 1919.)

APPEAL from a judgment entered February 13, 1917,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, reversing a judg-
ment in favor of plaintiff entered upon a verdict directed
by the court and directing judgment in favor of plaintiff.
· The nature of the action and the facts, so far as material,
are stated in the opinion.

*John Kirkland Clark* and *Rutger Bleecker Miller* for
appellant. If the plaintiff is to recover on the basis of
estoppel, it must establish that it has been damaged and
the extent of the damage and is entitled to no recovery
in excess of the actual damage; as no damage has been
proved, the plaintiff is entitled to no recovery. (*Deering*
v. *Schuyler*, 110 App. Div. 200.) The plaintiff, having
given as its reason for the stoppage of payment of the
checks solely the fact that the checks had been lost, as

they apparently had been, and having subsequently notified the bank that the checks had been found, as they apparently had been, had given the bank no basis whatever for the stoppage of payment on the checks thereafter, and the bank was, therefore, justified in paying them. (*Davis* v. *Standard Nat. Bank,* 50 App. Div. 210; *Levine* v. *State Bank,* 80 Misc. Rep. 524; *Schein* v. *Public Bank,* 101 Misc. Rep. 499.)

*Harry W. Newburger* for respondent. A bank check is a mere order on the bank to pay a sum of money out of a depositor's funds, and it is subject to revocation by the drawer at any time before payment. If the bank pays after the notice of revocation it will be held to have made payment out of its own funds and not out of those of the depositor. (*Lunt* v. *Bank of North America,* 49 Barb. 221; *Dykers* v. *Leather Mfrs.' Bank,* 11 Paige, 612; *Schneider* v. *Irving Bank,* 1 Daly, 500; *Elder* v. *F. Nat. Bank,* 25 Misc. Rep. 716.)

CRANE, J. The American Defense Society, Inc., was a domestic membership corporation having an office at 303 Fifth avenue in the borough of Manhattan, city of New York.

George F. Sweeney was its executive secretary, Clarence S. Thompson was chairman of its board of trustees and George Baxter was financial secretary or employed for the purpose of raising money to carry on the work of the society.

The Sherman National Bank was a national banking corporation in the city of New York in which the plaintiff had on deposit quite a sum of money. In January of 1916 the society drew three checks upon this fund payable to the order of George Baxter. In amount they were, respectively, $712.50, $1,650 and $1,200. After delivery the checks were supposed to be lost and payment at

the bank was stopped by telegram and written notice. By its answer in this action the bank admits that the plaintiff countermanded the payment of said checks and directed the defendant to stop payment thereof.

A resolution of the society required that checks upon the defendant be signed by the secretary of the board of trustees or the executive secretary of the American Defense Society and counter-signed by the chairman of the board of trustees.

Payment of the checks was stopped as above stated on January 26th, 1916. The next day one William F. Parry in behalf of George Baxter took a letter to the bank from the American Defense Society, Inc., signed by George F. Sweeney withdrawing the directions to stop payment. The lost checks had been found. This letter was not received or recognized by the bank as it failed to have the two signatures required by the above resolution. Parry told Sweeney what the bank official had said and after consultation with Thompson, chairman of the board of trustees, the letter was destroyed. The bank, however, failed to carry out the instructions which it had received and paid Baxter the checks. This action is brought by the depositor, the American Defense Society, Inc., to recover the amount of these payments. The trial court directed a verdict in favor of the defendant which has been reversed by the Appellate Division and judgment directed for the plaintiff upon new findings embodying the above facts.

It has been argued that even if the bank failed in its duty to its depositor and paid out money on the checks after payment thereof had been stopped, yet the depositor could not recover the amount of the payment upon these facts alone, but only the damage which it suffered, and the damage must be the depositor's loss. If for instance the depositor had received the benefit of the payment it would have sustained no loss. As a bank by

failing to honor a depositor's check, thus breaking its implied contract, is liable only for the damage sustained, so here, it is claimed, the plaintiff must prove actual damage.

The evidence shows that the American Defense Society was indebted to George Baxter for expenses incurred and disbursements made by him for its benefit, and that these three checks were drawn to his order in payment of the sums due. If the defendant had gone one step further and had proved that after George Baxter had cashed the checks the American Defense Society had credited itself upon its books with payment or had in any way recognized his receipt of the money from the bank as payment of its obligations to him, then in such case there would have been ratification of the wrongful act of the bank and the plaintiff could not recover. (*Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450.)

Of course the American Defense Society could not make a profit out of the bank's mistake and could only recover that which it lost. Acknowledging the payment by the bank to Baxter as a payment of the society's debt to him would in my judgment bar recovery against the bank. The evidence, however, in this case just falls short of this necessary element to afford the bank protection. While there is proof that the checks were drawn to pay Baxter all or part of the amount due him, there is no evidence to show that after the bank's mistake the depositor recognized or adopted the unauthorized payment in any way. In the absence of ratification the bank was liable to the depositor, as it could not justify paying out the depositor's money without authority by showing that the recipient was justly entitled to it.

The judgment, therefore, appealed from must be affirmed.

COLLIN, CUDDEBACK, HOGAN and ANDREWS, JJ., concur; CHASE, J., dissents in memorandum, as follows:

CHASE, J.. I dissent. The withdrawal of the direction to stop payment of the checks was signed in the same manner and with the same authority as the direction to stop such payments. The first notice was given because the checks were lost and the last as soon as the checks were found.

McLAUGHLIN, J., not sitting.

Judgment affirmed.