THE BEST FOODS, INC., Respondent, *v.* MITSUBISHI SHOJI KAISHA, LIMITED, a Corporation Organized under the Laws of Japan, Appellant, Impleaded with GREAT NORTHERN RAILWAY COMPANY and Another, Defendants.

First Department, June 8, 1928.

*Howard C. Kelly*, for the appellant.

*George M. Wolfson* of counsel [*Raymond E. Cook* with him on the brief; *Rounds, Dillingham, Mead & Neagle*, attorneys], for the respondent.

PROSKAUER, J. The Best Foods, Inc., purchased certain peanut oil from the defendant Mitsubishi. The contract of sale provided that the seller was to furnish the tank cars and make delivery f. o. b. tank car, Pacific Coast in bond. The contract contained also a proviso reading, "No claim shall be made on the seller * * * for any perils or accidents of transportation by sea or land, or for any alleged shortage or loss of or damage to goods, unless resulting through seller's lack of good faith." During transit the oil leaked out of the tank cars. The action is brought in the alternative under the provisions of sections 211 and 213 of the Civil Practice Act, charging that the loss "was caused either by a defect in the construction of or the defective condition of said tank car at the time that it was loaded with said peanut oil by or in behalf of the defendant, Mitsubishi, or by the wrongful, negligent and careless handling thereof by" the carriers, or one of them, "or by a combination of said causes."

We do not agree with the seller's contention that the exculpatory clause above quoted relieved it of all responsibility for leakage in transit, unless that leakage was caused by bad faith. The seller apparently concedes its liability for negligence in loading the oil. The facts upon which such a claim of negligence might be based would really support a claim for breach of the obligation which we hold is implicit in this agreement that the seller act reasonably in the selection of a tank car and in the loading thereof. The covenant to deliver in a tank car carries with it the duty to deliver in a reasonably good tank car, filled in a reasonably prudent manner. The complaint is insufficient, however, because it contains no allegation of the breach of any such duty. While the plaintiff was clearly entitled under sections 211 and 213 of the Civil Practice

Act to plead in the alternative against the various defendants, the branch of the pleading which deals with each defendant must show some basis of liability against such defendant. With respect to the breach of a duty by the seller, all that this complaint alleges is that the leakage was caused by·a defect in the construction of the car or by the defective condition of the car. This would be a breach of obligation by the seller only if it was under an absolute duty as an insurer to deliver a good tank car in good condition. The seller was not such an insurer.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion on the pleadings to dismiss the complaint under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of said costs.

DOWLING, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.