WOODMERE CEDARHURST CORPORATION, Respondent, *v.* THE NATIONAL CITY BANK OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, December 13, 1935.

*Shearman & Sterling* [*H. E. Compter* of counsel], for the appellant.

*Martin M. Klatsky* [*Jacob I. Berman* of counsel], for the respondent.

PER CURIAM. Although the evidence sustains the finding that the defendant bank paid a check of the depositor after it had been notified to stop payment thereof, it also establishes that the check was given in consideration of an agreement involving the release of a mortgage upon plaintiff's property and that the release was received and recorded by plaintiff.

Defendant contends the retention of this release amounts to a ratification of payment. (See *American Defense Society* v. *Sherman Nat. Bank*, 225 N. Y. 506.) However, the release was received and recorded long before payment of the check and plaintiff asserts that there were other promises made by payee in consideration of which the check was given. Defendant can only establish ratification by showing that the plaintiff having received full consideration

for the check retained the benefits thereof after knowledge of payment by the bank. The issue, therefore, as to whether there were other promises involved and whether there had been performance by the payee with regard thereto was an important one.

The court below improperly excluded proof material to this issue, which error requires reversal and a new trial.

A like rule would apply if defendant could be said to have the right to recover on its counterclaim.

The judgment should be reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

CALLAHAN and SHIENTAG, JJ., concur; LYDON, J., dissents, with opinion.

LYDON, J. (dissenting). I dissent and vote to affirm.

The court found, on sufficient evidence, that defendant bank had paid plaintiff's check after payment had been stopped. The bank offered no evidence of ratification by plaintiff of this payment and there is no such evidence in the record. But the bank objects to the judgment against it on the theory that by making the payment it discharged a debt owing by plaintiff to the payee of the check. This is immaterial. The bank could not, by wrongfully paying the check, compel plaintiff to make an involuntary settlement of its indebtedness. It could not justify its wrongful payment by showing that the payee of the check was justly entitled to the money. If authority for so plain a proposition be needed it is found in *American Defense Society* v. *Sherman Nat. Bank* (225 N. Y. 506).

The prevailing opinion speaks of the supposed erroneous exclusion of evidence on the question of performance by the payee of the check of its contract with plaintiff. Such evidence was inadmissible in this action between the bank and its depositor. But in any event the evidence referred to was offered by respondent and its rejection cannot be availed of by appellant in support of its appeal,

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.