CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, *v.* EZRA R. BATTAT et al., Individually and as Copartners under the Firm Name of ARBEEDEE TRADING COMPANY, Respondents, et al., Defendants.

Argued November 13, 1947; decided March 11, 1948.

*A. Donald MacKinnon* and *Eugene H. Nickerson* for appellant. I. The complaint states facts sufficient to constitute a cause of action. If plaintiff discharged an obligation of Arbeedee to Caracanda, plaintiff may recover from Arbeedee under settled principles of unjust enrichment. (*Smith & McCrorken* v. *Chatham Phenix Nat. Bank & Trust Co.,* 239 App. Div. 318; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137; *Title Guarantee & Trust Co.* v. *Haven,* 196 N. Y. 487; *Grosch* v. *Kessler,* 256 N. Y. 477; *3105 Grand Corp.* v. *City of New York,* 288 N. Y. 178; *Gaita* v. *Windsor Bank,* 251 N. Y. 152; *Gibraltar Realty Corp.* v. *Mt. Vernon Trust Co.,* 276 N. Y. 353; *Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450; *Schneider* v. *The Irving Bank,* 1 Daly 500; *Egerton* v. *Fulton Nat. Bank,* 43 How. Prac. 216; *Kelsey* v. *Ward,* 38 N. Y. 83; *Usher* v. *A. S. Tucker Co.,* 217 Mass. 441; *K. & K. Silk Trimming Co.,* v. *Garfield Nat. Bank,* 127 Misc. 27; *Bankers Trust Co.* v. *Wells,*

215 App. Div. 343; *Union Trust Co.* v. *Willsea,* 275 N. Y. 164.)
II. Assuming, but not conceding, that ratification is an essential
element of plaintiff's case against Arbeedee, that element may
be proved under the allegations of the complaint. (*Walrath* v.
*Hanover Fire Ins. Co.,* 216 N. Y. 220; *Florsheim Shoe Store
Co.* v. *Shoe Salesmen's Union,* 288 N. Y. 188; *Cohen* v. *City
Co. of New York,* 283 N. Y. 112.)

*Leonard G. Bisco* and *Henry Landau* for Manufacturers Trust
Co., *amicus curiæ,* in support of appellant's position. I. To
sustain a cause of action against the drawer of a check, a drawee,
which has paid a check through mistake, need only allege and
prove that the drawer was unjustly enriched by its payment.
(*American Defense Soc.* v. *Sherman Nat. Bank,* 225 N. Y. 506;
*K. & K. Silk Trimming Co.* v. *Garfield Nat. Bank,* 127 Misc.
27; *Fowler* v. *Bowery Sav. Bank,* 113 N. Y. 450; *Kasnowitz*
v. *Manufacturers Trust Co.,* 172 Misc. 242; *Pittsburgh-West-
moreland Coal Co.* v. *Kerr,* 220 N. Y. 137; *Metropolitan Life
Ins. Co.* v. *Bank of United States,* 259 N. Y. 365; *Mt. Morris
Bank* v. *Twenty-third Ward Bank,* 172 N. Y. 244; *The Irving
Bank* v. *Wetherald,* 36 N. Y. 335; *Brooklyn Trust Co.* v. *Toler,*
65 Hun 187, 138 N. Y. 675.)

*Chester Rohrlich* and *Stanley Goldstein* for respondents. I. A
bank which disregards a stop payment order and pays a check
cannot charge the depositor therewith in the absence of ratifi-
cation by the depositor. It necessarily follows that such
defaulting bank cannot involve its depositor in litigation in an
attempt to establish that the depositor owed the money to the
payee. (*American Defense Soc.* v. *Sherman Nat. Bank,* 225
N. Y. 506; *Citizens' Nat. Bank* v. *Importers & Traders' Bank,*
119 N. Y. 195; *Shipman* v. *Bank,* 126 N. Y. 318; *Baldwin's Bank*
v. *Smith,* 215 N. Y. 76; *Gaita* v. *Windsor Bank,* 251 N. Y. 152;
*Pyramid Musical Corp.* v. *Floral Park Bank,* 268 App. Div.
783; *K. & K. Silk Trimming Co.* v. *Garfield Nat. Bank,* 127
Misc. 27; *Egerton* v. *Fulton Nat. Bank,* 43 How Prac. 216;
*Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137.)
II. Ratification cannot be proven under the allegations of the
complaint. (*Kasnowitz* v. *Manufacturers Trust Co.,* 171 Misc.
545, 172 Misc. 242; *Best Foods, Inc.,* v. *Mitsubishi Shoji Kaisha,*
224 App. Div. 24.)

CONWAY, J.  This is an action brought by the plaintiff bank against its depositor, herein called " Arbeedee ", and Caracanda Bros. & Co., Ltd., herein called " Caracanda ", the payee of a check drawn by Arbeedee, to which reference will presently be made.  Alternative relief is sought under section 213 of the Civil Practice Act.  Section 213 reads as follows: " § 213. *Where doubt exists as to who is liable.*  Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Arbeedee moved to dismiss the complaint for failure to state a cause of action against it.  Caracanda was not a party to the motion and is not before us upon this appeal.  The matter comes to us after a nonunanimous affirmance by the Appellate Division of an order and judgment dismissing the complaint as a result of the motion.

We had before us recently a question involving the construction of section 213 and other related sections of the Civil Practice Act and we indicated the liberality of construction which should be accorded those statutes so as to attain the proper purposes to be served by them.  (*Great Northern Tel. Co.* v. *Yokohama Specie Bank,* 297 N. Y. 135.)  The question presented now is whether in seeking redress against these defendants a cause of action has been stated against Arbeedee based upon facts alternatively alleged in accordance with section 241 of the Civil Practice Act, which requires " a plain and concise statement of the material facts  *  *  *  on which the party pleading relies ".  (See *Best Foods, Inc.,* v. *Mitsubishi Shoji Kaisha Ltd.,* 224 App. Div. 24, 26.)

The complaint alleges in substance that defendant Arbeedee and defendant Caracanda entered into an agreement for the purchase of sugar which provided that Arbeedee should deliver a check for $25,000 to Caracanda to bind the transaction and that that amount would be returned upon receipt by Caracanda of a letter of credit to be obtained by Arbeedee.  On August 9, 1946, Arbeedee drew such a check on its account in the plaintiff bank and delivered it to Caracanda.  Thereafter Arbeedee requested plaintiff to stop payment on the check.  On August

13, 1946, Caracanda presented the check for certification and it was certified by plaintiff through mistake. On the following day Caracanda presented it for payment and plaintiff paid it. When advised of the payment of the check Arbeedee insisted that plaintiff make no debit against its account asserting that Caracanda had no legal right to the money. Plaintiff thereupon demanded repayment of the $25,000 from Caracanda. That was refused. The complaint then alleges the following:

" ELEVENTH: The $25,000 paid by plaintiff to defendant Caracanda was either owed by defendant Arbeedee to defendant Caracanda or defendant Caracanda had no right thereto.

" TWELFTH: *If the money was due and owing by defendant Arbeedee to defendant Caracanda, defendant Arbeedee has been unjustly enriched at the expense of the plaintiff to the extent of $25,000.* If the money was not due and owing from defendant Arbeedee to defendant Caracanda, then defendant Caracanda has been unjustly enriched at the expense of plaintiff to the extent of $25,000." (Emphasis supplied.)

Finally, plaintiff alleges due demand upon both defendants and nonpayment and prays for judgment in the sum of $25,000 against Arbeedee " and/or " Caracanda.

It is quite clear that the complaint fails to state a cause of action against Arbeedee since it fails to allege ratification by Arbeedee after learning of the payment by plaintiff to Caracanda (*American Defense Soc.* v. *Sherman Nat. Bank,* 225 N. Y. 506) and there are no alternative allegations of fact upon which to rest such a cause of action. (Cf. *Great Northern Tel. Co.* v. *Yokohama Specie Bank, supra.*) It does not alter the situation that the plaintiff is suing here for unjust enrichment rather than defending an action for the breach of its contract with its depositor. Under our rule, unless Arbeedee " had credited itself upon its books with payment or had in any way recognized his [Caracanda's] receipt of the money from the bank as payment of its obligation " (*American Defense Soc.* v. *Sherman Nat. Bank, supra,* p. 509), there was no unjust enrichment.

A defendant may not be held liable nor may a plaintiff be entitled to redress under section 213 unless facts are alleged which constitute a cause of action. For all that appears here Arbeedee is entirely correct in the claim, as stated in the com-

plaint, that " defendant Caracanda had no legal right to the money." Our courts have never permitted a bank in a commercial transaction such as this, after breaching its depositor's instructions, to involve him against his will in litigation with a third party in order that the bank may recoup a potential loss resulting from its own error. The doctrine of subrogation or equitable assignment is not properly applicable under such circumstances. (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137.) We stated our State rule very clearly in the *American Defense Society* case (*supra*), saying. (p. 509) : " While there is proof that the checks were drawn to pay Baxter all or part of *the amount due him*, there is no evidence to show that after the bank's mistake the depositor recognized or adopted the unauthorized payment in any way. *In the absence of ratification the bank was liable to the depositor*, as it could not justify paying out the depositor's money without authority by showing *that the recipient was justly entitled to it.*" (Emphasis supplied.)

We had occasion long since to indicate that a bank may protect itself by contract with its depositor so as to limit liability on a stop payment order. (*Gaita* v. *Windsor Bank*, 251 N. Y. 152, 155.) When that has not been done, the common-law liability is absolute in the absence of ratification. (*Gaita* v. *Windsor Bank, supra.*)

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.