In the Matter of the Estate of .PETER ROUSOS, Deceased.

Surrogate's Court, Monroe County, July 8, 1949.

*Walter J. Halloran* for Genesee Valley Trust Company, petitioner.

*Dennis J. Livadas* and *Charles S. Wilcox* for Dorothy Rousos and another, as executors of Peter Rousos, deceased, respondents.

WITMER, S. Peter Rousos died on December 11, 1948. His executors, the respondents herein, found amongst his papers a check No. 8488, dated November 29, 1946, payable to " Cash " in the sum of $3,500. The drawer of the check was Rousos Bros. by Spiro Rousos; and it was drawn on the account of " Rousos Bros., wholesale grocers " in petitioner bank. It appears that Rousos Bros. was a partnership composed of the decedent and

Spiro Rousos and Theodore Rousos at the date of said check and at the death of Peter Rousos.

On May 13, 1949, respondents presented said check to petitioner for payment, and received payment in cash. Petitioner seeks in this proceeding under section 206-a of the Surrogate's Court Act to recover the payment, claiming that its teller made the payment through error, and that it had previously received from the drawer, Rousos Bros., a stop-payment order.

Respondents deny that a valid stop-payment order was given to petitioner by the drawer, and assert that if it were valid, it did not refer to the check in question, and anyway it had expired before the check was presented and paid. They further contend that the petition is fatally defective in that it fails to allege that petitioner has any interest in the proceeds of the check or that it has suffered any loss, so as to be an interested party, and fails to refer to a specific account or item of property which it demands be returned to it in this proceeding, and fails to allege that the respondents have committed any wrongful act, particularly with respect to petitioner. They also assert that the surviving members of the partnership of Rousos Bros. are the real parties in interest herein, and in any event are necessary parties to this proceeding. Respondents further claim that this court has no jurisdiction of this action, for the reason that it is beyond the scope of section 206-a of the Surrogate's Court Act, and is not different in principle from any *inter vivos* claim which, if not sooner disposed of in another court, must await the judicial settlement of the estate, and further, that if this court has concurrent jurisdiction herein with the Supreme Court, it should decline to entertain this proceeding because an action for a partnership accounting is now pending in that court between respondents and Spiro and Theodore Rousos, the surviving members of said partnership, in which action the matter of the check herein is one of many issues.

It is elemental that the courts will not concern themselves with academic questions, and that a person not interested in the event has no status as a litigant in court. In paragraph eighth of the petition it is alleged that "Rousos Brothers has refused to honor" the payment made by petitioner on the check. Paragraph sixth of the petition makes the stop-payment directives, Exhibits B and C, and the two continuations thereof, Exhibits D and E, all attached to the petition, a part thereof. Exhibit B provides in part "In the event that the bank pays this check through inadvertence or oversight, it is expressly under-

stood that it will in no way be held responsible." Exhibit C bears the same date as Exhibit B, and presumably, upon its receipt, petitioner had Rousos Bros. execute its stop-payment form, Exhibit B. Exhibits D and E both refer back to Exhibit B. Although the check is erroneously described in the stop-payment notice, Exhibit B, and in each of the other three stop-payment exhibits, the court is satisfied, for the purposes of this motion, that the check at issue was meant and sufficiently described. The court likewise assumes, without deciding, that the stop order was still in effect on the day the check was paid. Nevertheless, on the face of the petition it appears that petitioner has no legal liability to Rousos Bros. by virtue of its assumed improper payment of such check. The only interest petitioner can have in this proceeding is to rectify an error which it made and for which it has no liability. Its interest at best is to maintain its goodwill with its customer, Rousos Bros. In legal effect it is acting as agent for Rousos Bros. Under the circumstances, the petitioner is not the real party in interest, and has no status to maintain this proceeding.

Since the above holding puts petitioner out of court, it is unnecessary to decide the other interesting arguments and grounds for dismissal urged by the respondents. It is observed, however, that as a matter of general policy the court will be slow to require an executor to release from his possession without a trial upon the merits to which all interested persons are parties, property (or the proceeds thereof) which the fiduciary has found amongst his testator's effects and which he was and is bound by law to preserve and protect for the benefit of the estate. The court also states its agreement with the position of the respondents that this matter can best be determined along with the other issues beween respondents and Rousos Bros. in the accounting action in the Supreme Court.

Submit an order herein dismissing the petition as a matter of law.