In the Matter of the Estate of PETER ROUSOS, Deceased.

Surrogate's Court, Monroe County, on reargument, July 21, 1949.

*Walter J. Holloran* for Genesee Valley Trust Company, petitioner.

*Dennis J. Livadas* and *Charles S. Wilcox* for Dorothy Rousos, and another, as executors of Peter Rousos, deceased, respondents.

WITMER, S. After the decision of this court of July 8, 1949, dismissing the petition herein on respondents' motion (195 Misc. 451) and before entry of an order thereon petitioner asked leave to reargue, stating that it was in possession of high legal authority which it wished to submit to the court on the subject of the original motion. The court granted leave to reargue and to submit further briefs, which has been done. Petitioner places principal reliance upon the decision in *Chase Nat. Bank of City of N. Y.* v. *Battat* (297 N. Y. 185). There the court held that a bank which had inadvertently paid a check after receiving a stop-payment notice could not recover the amount thereof from the drawer of the check in the absence of a contract with such depositor limiting its liability in such event. The court, in the last paragraph of the opinion, noted that a different result would follow had the bank protected itself by contract, and cited for example *Gaita* v. *Windsor Bank* (251 N. Y. 152, 155). In the *Gaita* case (*supra*) the stop-payment notice signed by the drawer contained the same contractual limitation of the bank's liability in the event of inadvertent payment of the check as is contained in the stop-payment notice in the instant case, and the court held that the bank was not liable to the drawer because of the inadvertent payment of the check. That principle of law is the basis of the original decision herein, and seems controlling.

Petitioner argues that the decision in *Chase Nat. Bank of City of N. Y.* v. *Battat* (*supra*) is authority in support of its proceeding herein against the payee respondents; but it is clear that the payee of the check in that case was not a party to the motion before the court and the court did not pass upon the question involved herein. It may well be assumed from said decision that since the bank had no redress against the drawer, it should be successful in its action against the payee. It does not follow, however, that the petitioner in this case should be successful against the payee respondents. As in the case of *Chase Nat. Bank of City of N. Y.* v. *Battat* (*supra*, p. 188), this court must examine the petition to ascertain if a cause of action has been stated against these respondents. Such examination does not reveal a claim that petitioner has been damaged. It shows that petitioner has no legal obligation to the drawer of the check by reason of its erroneous payment. It is not claimed in the petition that at all times since the payment of the check the drawer's account was insufficient to permit petitioner to charge the payment thereto, or that petitioner has not charged

the payment against the drawer's account. Mere loss of face and customer's good will, without legal liability to the customer and without a showing of out-of-pocket loss by reason of the payment, does not constitute legal damages. The petition is based upon grounds of unjust enrichment. Certainly, as a condition to maintaining such action, petitioner must unequivocally allege that by granting the petition the court will not be causing an unjust enrichment rather than setting one aside.

The court observed before that it believes that this matter is essentially a dispute between Rousos Bros. and respondents and that it may best be determined in the action for an accounting which is pending in the Supreme Court.

Although it is unnecessary to go into the matter at length at this time, the court notes its doubt that section 206-a of the Surrogate's Court Act embraces this type of proceeding. The decedent never had possession of the money which petitioner seeks herein. This is strictly an *inter vivos* transaction between petitioner and respondents. Such issues are not usually litigated in this court except upon a judicial settlement. At any rate, for the further information of petitioner's counsel the court states that in view of the pendency of the accounting action in the Supreme Court and the statement made to the court by petitioner's counsel that petitioner could charge the payment to the account of Rousos Bros., the drawer, but prefers not to do so, as a matter of discretion the court will decline to entertain the proceeding.

The decision of this court of July 8, 1949, is reaffirmed, with costs to the respondents upon the original motion and upon the motion for reargument.

Submit order accordingly.