Tony Mancuso, J.
This is a motion pursuant to CPLE 3212 to strike the defendant’s answer and seeking summary judgment in favor of the plaintiff. This is an action by the plaintiff depositor against the defendant bank for wrongful payment of a check drawn by the plaintiff in favor of one Joseph Santo in the amount of $3,000 after receipt by the defendant bank of a timely stop-payment order. The action is grounded upon section 4 — 403 of the Uniform Commercial Code.
The answer of the defendant bank denies the allegations of the complaint except jurisdiction and pleads two affirmative defenses: first, that the check was given by the plaintiff to Joseph Santo as a loan which has not been repaid or discharged and the plaintiff has, therefore, suffered no loss by reason of the defendant’s having paid the check and, second, that the check was issued, indorsed and delivered as payment in an unlawful gambling transaction and was, therefore, void thereby estopping *466 the plaintiff from any claim herein by reason of the bank’s having paid said check.
Upon the argument of the motion the only affidavits submitted were affiadivits of each of the arguing attorneys which are necessarily hearsay as to the facts in issue. However, from reading the opposing affidavits no dispute appears to exist as to the following facts. Plaintiff made and delivered his check drawn on the defendant bank payable to the order of one Joseph Santo for $3,000 on or about November 10, 1964. On December 10, 1964 plaintiff gave written notice to defendant to stop payment on said check. No question appears to be raised as to the form or timeliness of the plaintiff’s stop-payment order to the bank or to the timely receipt thereof by the defendant bank. (Uniform Commercial Code, § 4-403, subd. [1].) Also, that on or about December 24, 1964 the defendant paid said check contrary to the stop-payment order of the plaintiff and charged plaintiff’s account with the sum of $3,000 and has refused to credit the plaintiff’s account after demand.
As a consequence of the above agreed facts as gleaned from the attorneys’ affidavits the motion of the plaintiff to strike defendant’s denials of the complaint’s paragraphs 3, 4, 5, 6, 7 and 8 is hereby granted. (CPLR 2001, 3026, 3211, subd. [b]; 3212, subd. [g].)
With respect to the defendant’s second affirmative defense, that the check was issued, indorsed and delivered as payment in an unlawful gambling transaction and was void, the plaintiff’s motion to strike this defense is also granted. The defendant urges that the action herein is one proscribed by sections 991, 992 and 993 of the Penal Law and the defendant submits several authorities in support thereof. The court has examined all of the defendant’s cases on this point and concludes that the action herein is not an action on the check but" an action pursuant to section 4-403 of the Uniform Commercial Code for wrongful payment of a check after receipt of a timely stop-payment order. This action under the Uniform Commercial Code is not based upon the check in any manner whatsoever and the defendant’s authorities are, therefore, inapposite. (See Pennsylvania R. R. Co. v. Rosenfeld, 249 P. 964 [C. A. 2d, 1918], cert. den. 247 U. S. 511; also 166 A. L. R. 1382 and 53 ALR 2d 370.) In the instant case the plaintiff can make out his case without any reference to the nature of the transaction alleged to be tainted with illegality.
With respect to the defendant’s first affirmative defense, that the plaintiff has suffered no loss by reason of the defendant’s payment of said check, this raises an interesting legal question. *467 Counsel have not presented nor is the court able to find any New York cases interpreting subdivision (3) of section 4 — 403 of the Uniform Commercial Code.
Prior to the adoption of the Uniform Commercial Code in New York (eff. Sept. 27, 1964) there was no question that a depositor who issued to his bank a timely stop-payment order could recover against the bank for a breach of the depositor’s order by payment of the check in absence of any ratification of the bank’s payment by the depositor. Prior to the Uniform Commercial Code a bank after breaching its depositor’s instructions to stop payment on a check could not involve him against his will in litigation with a third party in order that the bank could recoup a potential loss resulting from its own error (Chase Nat. Bank v. Battat, 297 N. Y. 185 [1948]; also American Defense Soc. v. Sherman Nat. Bank, 225 N. Y. 506). However, in the Sherman case at page 509 of Judge Crane’s opinion it states: “ Of course the American Defense Society could not make a profit out of the bank’s mistake and could only recover that which it lost.” Nonetheless, it appears to have been well-settled law in New York prior to the adoption of the Uniform Commercial Code that a prima facie case was made out by the depositor against the bank for breach of a timely stop-payment order on a check, in the absence of ratification, without any allegation of damage. The plaintiff’s complaint and moving papers herein do not even allege any demand for repayment and refusal from a payee of the check, Joseph Santa, and do not allege any damage by virtue of the bank’s breach other than the fact that the plaintiff’s account with the defendant bank has been reduced by $3,000.
Subdivision (3) of section 4-403 of the Uniform Commercial Code provides: ‘ ‘ The burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop payment order is on the customer.” The plaintiff urges that he is damaged by reason of the fact his bank account has been reduced by $3,000. This contention is without merit because if it were adopted there would be no reason or purpose for the enactment of subdivision (3) of section 4 — 403 of the Uniform Commercial Code.
There can be no question that the quoted language of subdivision (3) of section 4-403 of the Uniform Commercial Code is contrary to the holdings in the New York cases above cited. Although there was considerable debate as to the effect of subdivision (3) in the hearings and reports of the Law Revision Commission prior to the adoption of the Uniform Commercial Code in New York as to whether or not subdivision (3) of section *468 4-403 of the Uniform Commercial Code was a rule of liability or merely one of damages, the authorities are now in almost unanimous agreement that said subdivision (3) of section 4403 of the Uniform Commercial Code is an element of the depositor’s prima facie case. (See McKinney’s Cons. Laws of N. Y., Book 62%, Uniform Commercial Code, p. 613, n. [3]; C. L. S. Uniform Commercial Code, § A-403, New York Ann., p. 2-146, (3); Anderson’s Uniform Commercial Code, § 4-403 : 2, 3, 5, pp. 109, 110, 111; see, also, A. B. A. Uniform Commercial Code Handbook, C, (a), pp. 147-148, art. 4, Bank Deposits and Collections by Huggins and Phemister.) The Law Revision Commission Reports also shed light upon both sides of the question. (1955 Report, vol. 2, pp. 1238, 1555, and 1560; also, the 1956 Report, p. 44 and the 1954 Report, pp. 320, 444, 445 and 468. However, see 48 Cornell L. Q. 87.)
By reason of the foregoing the plaintiff’s motion for summary judgment herein is denied inasmuch as the defendant’s first affirmative defense, that the plaintiff suffered no loss by reason of the defendant’s payment of said check, makes out a triable issue of fact as to the liability herein. Any triable issue of fact, of course, compels a denial of a motion for summary judgment. I am deciding herein only that where a depositor and maker of a check moves for summary judgment pursuant to section 4-403 of the Uniform Commercial Code it is part of the plaintiff’s prima facie case to allege and thereafter, of course, to prove that he has been damaged by reason of the bank’s wrongful payment of a check after receipt of a timely and proper stop-payment order and absent ratification. (Uniform Commercial Code, § 4-403, subd. [3].) This is not to say that a depositor in such circumstances can be compelled against his will to litigate with the payee before he can take action against the bank. (Chase Nat. Bank v. Battat, supra.)