Arnold L. Fein, J.
Defendant’s motion for summary judgment is granted.
One David Zarin drew two checks on the First National State Bank of Newark, each in the sum of $1,000 payable to cash, one dated January 15,1964, the other January 1,1965. He delivered both checks to defendant who deposited the checks in his own bank for collection and was given credit for them. On or about February 2, 1965 Zarin telephoned a stop order to the bank, requesting that two $1,000 checks dated in January, 1965, be stopped. The stop order was never confirmed in writing. Substantially more than 14 days after receipt of the stop order, the bank debited the account of David Zarin and made payment on both checks. Zarin protested the bank’s payment of the checks in the face of his stop order and the bank recredited his account with the amounts of the checks. Under its policy insuring the bank for losses sustained by mistake, plaintiff insurance company made good the loss to the bank and brings this action to recover the amount of the checks together with attorney’s fees. The complaint, in substance, alleges the foregoing facts, and in paragraph “ Eighth ” alleges defendant is liable for “ money had and received ”, and in paragraph “ Tenth ” that its claim is just. The answer is, in substance, a general denial and pleads as affirmative defenses that plaintiff cannot recover because the bank’s reimbursement of its depositor was “voluntary” and ‘ ‘ without consideration ’ did not ‘1 constitute a mistake ’ ’ and was ‘ ‘ ultra vires ’ ’.
At best, for plaintiff, as subrogee, it stands in the shoes of the bank. It concedes that under section 4-403 of the Uniform Commercial Code the bank could have ignored the stop payment order after 14 days because it was not reduced to writing. It contends the bank had a legal and equitable obligation to heed the stop payment order because it had made a written record of the order and owed a duty to its customer to abide by the stop payment order.
Section 4-403 of the Uniform Commercial Code deals only with the relationship between a bank and its customer with respect to the validity of stop orders. It is not controlling on the *630 question of whether the hank could have recovered from the defendant. Even if the bank were held liable to its customer for common-law negligence, that would not be dispositive of its rights against defendant payee. Nor is it material that the bank was not obligated to its customer to pay the check dated January 16, 1964 becanse a bank is under no obligation to a customer to pay a noncertihed check which is presented more than six months after date. (Uniform Commercial Code, § 4-404.) This section, relied on by plaintiff, relates only to the rights as between the bank and its customer with respect to payment or nonpayment of checks presented more than six months after date.
The rights of the bank and plaintiff, as its subrogee, against defendant depend npon subdivision (c) of section 4-407 of the Uniform Commercial Code which provides in snbstanoe that the bank is ‘ ‘ subrogated to the rights * * * of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.” As the various practice commentaries indicate, all this intends is that the bank stands in the shoes of the maker of the check. If the maker or drawer has a right to recover against the payee or holder or had a right to refuse payment, the bank has the same right. As section 4-407 of the Uniform Commercial Code states, if the payment was made ‘ ‘ under circumstances giving a basis for objection by the drawer or maker ” the bank is subrogated to the rights of the maker or drawer ” to prevent unjust enrichment ”. Nowhere in the complaint in this action are any facts alleged showing that defendant was unjustly enriched or that Zarin, the maker of the check, had a right to refuse payment on the checks or a right to recover from the defendant once the checks were honored and paid. No such allegation is made, even in a conclusory form.
The affirmation of the attorney for the plaintiff, in opposition to the motion, intimates that there may be questions whether the checks were issued to defendant for a valid consideration and whether defendant was the lawful holder. The affirmation concedes that such information is not within the personal knowledge of the attorney or the plaintiff. Without alleging any facts in support, it merely suggests that Zarin, the maker, might so testify. Aside from the fact that such proof could not be received under the complaint in its present form, the affirmation of the attorney is not sufficient to defeat a motion for summary judgment. Such an affirmation or affidavit must allege facts and be made by a person having knowledge of the facts. (CPLR 3212, subd. [b];Rex Bilatta Carp. v. Hamza, 22 A D 2d *631 757, affd. 16 N Y 2d 695; see Lombardi v. First Nat. Bank of Hancock, 23 A D 2d 713.)
It is conceded that defendant was the holder of the checks at the time he deposited them in his bank and that he had received them from Zarin. The law is well settled that a presumption arises from the delivery of a check that it was delivered in payment of a debt. (Nay v. Curley, 113 N. Y. 575; Koehler v. Adler, 78 N. Y. 287; Matter of Levi, 3 Misc 2d 746.) No facts to the contrary are alleged by plaintiff. Defendant denies he had knowledge of the stop order, and this is not controverted. It is not necessary to reach the question of whether the payment was final. (Uniform Commercial Code, § 3-418; see American Defense Soc. v. Sherman Nat. Bank, 225 N. Y. 506.) Accordingly, it is immaterial that defendant’s indorsement was restrictive and that he deposited the checks for collection. Even assuming payment of the checks was by mistake, nothing is shown in the papers in opposition from which it can be inferred that defendant payee-holder was unjustly enriched.
It is immaterial whether the law of New Jersey or that of New York applies. On this question the authorities are in agreement. (See National Bank of N. J. v. Berrall, 70 N. J. L. 757; Reinhardt v. Passaic-Clifton Nat. Bank, 16 N. J. Super. 430 (N. J.); see American Defense Soc. v. Sherman Nat. Bank, supra; Chase Nat. Bank of City of N. 7. v. Battat, 297 N. Y. 185, 190; see Cicci v. Lincoln Nat. Bank & Trust Co. of Cent. N. 7., 46 Misc 2d 465.) The burden of proof is on plaintiff to establish that the payee was not entitled to the proceeds of the check. (Matter of Rousos, 195 Misc. 959; A-C Utilities Co. v. Meadow Brook Nat. Bank, 37 Misc 2d 540; A-C Utilities Co. v. Meadow Brook Nat. Bank .and Majestic Plumbing & Heating Supply Corp., 37 Misc 2d 541.) To defeat a motion for summary judgment, evidentiary facts must be alleged raising a triable issue on such burden.
The Clerk is directed to enter summary judgment in favor of defendant dismissing the complaint, with costs.