John H. Pennock, J.
This is a motion by the defendant bank for an order and judgment dismissing the complaint upon the grounds that the complaint fails to state a cause of action.
On August 29, 1969, one Stanley Levy purchased from the defendant, Chemical Bank, three money orders in the amount of $500 each, making a total purchase of $1,500. The money orders were blank as to date, payee, and the maker’s name and *1061 address. The purchaser, Levy, completed the money orders by filling in the blank portions thereof. Five days later, on September 3, 1969, Levy requested the Chemical Bank to place a stop payment on all three of the money orders. The bank complied with the request and when the money orders were presented to the bank for payment each was returned to the holders bank payee (Hudson Valley Furniture Company) with a notation “ payment stopped by Stanley Levy ”. That payee negotiated the money orders to Benson A. Krom, Jr., who commenced this action to recover the face value of each money order.
The plaintiff’s complaint avers that he is a holder in due course of the money orders by negotiation and assignment.
The defendant bank urges that money orders are analogous to a check drawn on an ordinary checking account and that the defendant bank is the drawee and is not liable until it accepts or pays the money orders.
The plaintiff claims a money order bought and paid for is an executed sale of credit and is not subject to rescission or countermand.
I am of the opinion that bank money orders by' usage in the community have attained the prestige of representing money and that the general public treats such instruments in the same manner as cash. When the bank money order is paid for by the purchaser it is a sale of credit and such an instrument is relied upon by the general public as a negotiable instrument which cannot be subject to a stop payment order except for circumstances such as would apply to certified checks. I shall not go into such circumstances herein, except to point out that a delivery of the money orders to a payee completes the contract between the purchaser of the money order and the bank. It is then, after delivery, that the purchaser has no further rights over the instruments any more than if it were cash delivered to a third party. I do not agree with the plaintiff’s able counsel that the transaction was completed as far as the bank was concerned when the money orders were purchased, as the name of the payee is not placed on the orders until delivery. Therefore the Kerr case principle does not apply. (Kerr S. S. Co. v. Chartered Bank of India, 292 N. Y. 253.) Further this- is not a check or draft within the meaning of section 3-409 of the Uniform Commercial Code. I feel that the present case is one of first impression to the court and that a bank money order may be homogeneous to banking transactions but have a special identity of its own which is synonymous to cash and of recent vintage are so considered by the public in dealing with them.
The motion is denied.