■ BENSON A. KROM, Respondent, v. CHEMICAL BANK NEW YORK TRUST COMPANY, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered August 12, 1970 in Ulster County, which denied a motion to

dismiss the complaint. On August 29, 1969, one Stanley Levy purchased from defendant, Chemical Bank New York Trust Company, three money orders, each in the amount of $500. The instruments, when issued, had the amount written on them, but were blank as to date, payee and name and address of maker. In the upper left-hand corners were the bank's name and address. In the bottom left-hand corners the words "Personal Money Order" were printed. Levy completed the money orders by filling in the date and name of payee, signing his name as drawer and indicating his address. On September 3, 1969 Levy instructed the bank to stop payment on the three money orders. The request was complied with and when Hudson Valley Furniture Company, the payee, presented the money orders to the bank for payment, they were returned with the notation "payment stopped, Stanley Levy". The payee thereafter assigned the instruments to respondent who commenced this action against the bank to recover the amount of each money order. The Supreme Court, "of the opinion that bank money orders by usage in the community have attained the prestige of representing money and that the general public treats such instruments in the same manner as cash", held that a money order is not a check or draft within the meaning of section 3–409 of the Uniform Commercial Code and "cannot be subject to a stop payment order except for circumstances such as would apply to certified checks". It has been held that a bank money order which does not require the signature of the issuer is subject to a stop payment order (*Garden Check Cashing Serv.* v. *First Nat. City Bank,* 25 A D 2d 137, 140–141, affd. 18 N Y 2d 941) : "The relationship between defendant and the purchaser of the check is reasonably clear. The latter deposited with defendant a sum of money and received therefor a writing in which defendant plainly appeared as drawee. The novel feature of the instrument was that the prospective names of drawer and payee were blank. Defendant was not primarily liable thereon (Negotiable Instruments Law, §§ 20, 37; Uniform Commercial Code, §§ 3–104, subd. [1], par. [a] ; 3–401, subd. [1]) ; and such liability did not arise until there was certification or acceptance of the instrument. (Negotiable Instruments Law, §§ 220, 325; Uniform Commercial Code, §§ 3–409, subd. [1] ; 3–410, 3–411.) (See, generally, 41 N. Y. Jur., Negotiable Instruments, §§ 374–375.) We see small difference between the present transaction and one where a person deposits with a bank a sum of money and receives a quantity of blank checks. The obvious difference is that here a single deposit was made and a single blank check received with the amount of the deposit inserted therein. Thereafter the procedure followed the normal and customary pattern — the purchaser filled in the name of a payee, signed his name and address and delivered the instrument. Thereupon it became a negotiable instrument subject to all the rights and provisions of the then Negotiable Instruments Law. Defendant for its own purposes may have coined the words 'Personal Money Order' and 'Register Check' appearing on the instrument but these words in no way altered the applicable legal principles. The purchaser under his contract with defendant was the sole person who might draw on the fund and he had the clear right to stop payment prior to acceptance by the bank (*American Defense Soc.* v. *Sherman Nat. Bank,* 225 N. Y. 506) — a right since accorded a bank's customer by statute (Uniform Commercial Code, § 4–403)." Since the instruments with which we are here concerned are similar in all material respects with the one considered in the *Garden Check Cashing Serv.* case, there is no reason to reach a contrary result (see Uniform Commercial Code, §§ 3–104, 3–409, subd. [1]). Order reversed, on the law and the facts, and motion to dismiss complaint granted, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur. [63 Misc 2d 1060.]