Rockwell D. Colanebi, J.
The plaintiff delivered a check to the third-party defendant in the sum of $600 in the evening of July 24,1972. At 9:00 o’clock the following morning, the plaintiff appeared at Security National Bank and stopped payment on the check and the plaintiff paid a fee of $5 for the stop payment order as required by the bank. At approximately 10:40 o’clock the same morning, the third-party defendant appeared and had the check certified and the plaintiff’s account was duly charged. The plaintiff is seeking recovery from the bank and takes the position that the bank erroneously certified funds after a stop payment order was made on the check.
In this case the defendant bank certified the plaintiff’s (drawer’s) check approximately one and one-half hours after bank received written notice to stop payment on such check. The bank is defending on the grounds that the plaintiff must show that the bank was negligent in failing to honor the stop payment request.
The bank’s legal argument in support of its defense is incorrect. Subdivision (1) of section 4-403 of the Uniform Commercial Code entitles a bank customer to stop payment on his check by giving notice to that effect “ at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item The statute does not place any other affirmative burden of proof upon the plaintiff with respect to the stop payment order other *13 than the “ burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop payment order (Uniform Commercial Code, § 4-403, subd. [3].) It is established that a bank is liable to a depositor for the payment of his check in violation of a stop payment order and may not charge the drawer’s account therewith or require the drawer to seek recovery from the payee. (Chase Nat. Bank of City of N. Y. v. Battat, 297 N. Y. 185; Gaita v. Windsor Bank, 251 N. Y. 152.)
To read into this statute the additional requirement that the drawer prove the commission of a negligent act by the bank in order to recover would, in effect, alter the statute in a manner not intended by the Legislature. Since a cheek of itself is not an assignment of the drawer’s funds he may countermand the payment order prior to certification. It is established that in the absence of a contractual provision limiting the bank’s liability, a valid stop payment order received by the bank prior to payment or certification renders subsequent payment wrongful, whether or not the bank was shown to be negligent in making such payments. (American Defense Soc. v. Sherman Nat. Bank of N. Y., 225 N. Y. 506; Edwards v. National City Bank of N. Y., 150 Misc. 80.)
The plaintiff in this case has the burden of proving that the stop payment order was received by the bank at such time as to afford it a reasonable opportunity to act on such order (Uniform Commercial Code, § 9-403; Davison Coal Co. v. National Park Bank of N. Y., 201 App. Div. 309). The facts as presented support this contention and therefore the court finds in favor of the plaintiff and against the defendant bank.
It has been held that a bank which improperly paid a check on which payment had been stopped may recover from the one who received payment, if such payee was not a holder for value (Smith & McCrorken v. Chatham Phenix Nat. Bank & Trust Co., 239 App. Div. 318; Manufacturer’s Trust Co. v. Diamond, 17 Misc 2d 909). The facts developed in this case indicate that the defendant construction corporation was already fully paid for its services. Therefore the construction corporation has no right to retain the additional funds improperly paid by the bank, and the court finds that the bank is entitled to judgment against the third-party defendant for the amount of the improperly certified check.
Accordingly, judgment for the plaintiff against the defendant (Security National Bank) in the sum of $600 with interest thereon from July 25,1972, together with the costs and disburse *14 ments of this action, and, further, the defendant and third-party plaintiff (Security National Bank) may have judgment over and against the third-party defendant (Adamson Construction Corporation) in the sum of $600 with interest thereon from July 25,1972, together with the costs and disbursements of this action.