Eli H. Mellan, J.
This action was tried before me in a Small Claims Part of this court and involved a claim by the plaintiff against the defendant bank for Ithe -sum of $200 based upon the fact that he had issued a check dated June 11, 197-4 which! incidentally was a Tuesday and that on Monday following, namely, on June 17, 1974 bright and early as he testified, at 9:00 a.m. he appeared at the bank and asked them to place a stop payment on the check. The plaintiff testified that in speaking to the employee of the bank when he appeared in person as stated, the bank’s employee detained the plaintiff for approximately 25 minutes or more while she checked the records to see if in fact this instrument had cleared the bank and, thereafter, at 9:45 a.m. gave him a printed notice confirming his request to stop payment and charging his account $5 for this stop payment (see plaintiff’s exhibit 2).
Nevertheless, it appears from the testimony in this matter that this bank has evening hours on -Fridays and morning hours on /Saturdays so that on June 14, 1974 Friday evening -the bank was open for business, received deposits, made payments on checks and similarly on Saturday morning June 16, 1974. The bank transacted -such business, but those transactions were not recorded or processed through the bookkeeping system of the bank until Monday June 17, 1974 the date on which the plaintiff appeared to stop payment the first thing in the morning. Thus, although the bank employee checked early that morning, the activities of Saturday morning had not yet been reflected and it appeared at that time that the check had not yet cleared.
The testimony shows, however, that on Saturday morning, June 15, 1974 the check had been cashed so that the cashing of the check preceded the actual stop order. It is significant that the check was outstanding for nearly a full week before the stop order payment came in.
Section 4-403 of the Uniform Commercial Code provides for the customer’s right to stop payment on a check, but specifically provides that the stop payment order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on the stop payment order prior to other *66 action normally taken by the bank as described in section 4-303 of the Uniform 'Commercial Code. Furthermore, the law thus provides that the burden is upon the depositor or customer of the bank to establish the amount of loss which may result from the payment by the bank of an item contrary to a binding stop payment order.
A payment in violation of an effective direction to stop payment is an improper payment even though it is made by mistake or inadvertence. This, however, does not appear to have been the case in this instance since the payment actually anteceded the stop payment order.
It may have been difficult for most depositors without special knowledge of banking practices to realize the multiple details involved in the handling of checks and other banking instruments, but it is clear that the bank must have a reasonable opportunity to act upon stop payment orders. (See Cicci v. Lincoln Nat. Bank & Trust Co. of Cent. N. Y., 46 Misc 2d 465.) in the case of knowledge, notice and stop orders the effective time for determining whether they were received too late to affect the payment of an item and a charge to the customer’s account by reason of such payment is receipt plus a reasonable time for the bank to act on any of these communications. Usually a relatively short time is required to communicate to the bookkeeping department advice of these specific notices, but certainly some time is necessary. In the instant case with the weekend activities all being reflected on the records on the Monday following, the bank certainly did not have a reasonable time to act upon the plaintiff’s stop payment order. (See Davison Coal Co. v. National Park Bank of N. Y., 201 App. Div. 309.)
Under section .4-303 tof the Uniform .Commercial Code a stop payment order comes too late to modify the bank’s right or duty to pay a check after the bank has already paid the item in cash. Such is the case in the instant matter and for these reasons I find that the defendant is entitled to judgment.