OPINION OF THE COURT
Thomas E. Mercure, J.
This is a motion pursuant to CPLR 3211 to dismiss the complaint of the plaintiff Saratoga Polo Association, Ltd., for failure to state a cause of action as to defendant Adirondack Trust Company.
The complaint alleges that the defendant paid a check drawn by the plaintiff payable to Palmer Printers, over the verbal stop-payment order of the plaintiff. The complaint alleges three causes of action, all of which claim damage in the sum of $5,000, which is the face amount of the check.
Defendant contends, in this motion, that the complaint fails to allege the basis for said damages. In particular, that there are no allegations to the effect that the plaintiff never received the goods which were the consideration for the issuance of the check. Defendant relies on subdivision (3) of section 4-403 of the Uniform Commercial Code, “[t]he burden of establishing the fact and amount of loss resulting from the payment of an item contrary to a binding stop payment order is on the customer”, and that, therefore, the complaint, in order to state a cause of action, requires allegations concerning the nature of the underlying transaction for which the check was drawn in the first instance. Further, defendant argues that the complaint must allege *248 that the transaction was never completed, thereby causing plaintiff damage when its check was negotiated and its account charged.
Plaintiff contends that the complaint sufficiently alleges damage by its allegations of a binding stop-payment order, the payment by the defendant over such order, and the bank’s charging of plaintiff’s account for the amount of the check.
The issue here is a narrow one, dealing solely with the plaintiff’s complaint. Defendant’s answer to said complaint is not before this court.
On a CPLR 3211 (subd [a], par 7) motion, in order to succeed, defendant must convince this court that “nothing the plaintiff might reasonably be expected to prove would help him; that the plaintiff simply does not have a claim.” (Siegel, New York Practice, § 265, p 325) and, for purposes of a paragraph 7 motion, especially when it attacks the pleadings on its face, the allegations of the pleadings are ordinarily deemed true. More than that, the pleadings will be deemed to allege whatever may be implied from its statements by reasonable intendment. (Siegel, ibid.; Foley v D’Agostino, 21 AD2d 60.)
No reported case on the narrow issue above defined has been found. Defendant relies heavily on the case of Cicci v Lincoln Nat. Bank & Trust Co. of Cent. N. Y. (46 Misc 2d 465, 468) where the court decided that, “where a depositor and maker of a check moves for summary judgment pursuant to section 4-403 of the Uniform Commercial Code, it is part of the plaintiff’s prima facie case to allege and thereafter, of course, to prove that he has been damaged by reason of the bank’s wrongful payment of a check after receipt of a timely and proper stop-payment order and absent ratification.” In Cicci (supra), the plaintiff, seeking summary judgment pursuant to CPLR 3212, urged that he was damaged because his bank account was reduced by $3,000, and the court reasoned that this contention was without merit because if it were adopted, there would be no reason or purpose for the enactment of subdivision (3) of section 4-403 of the Uniform Commercial Code.
This court is of the opinion that Cicci (supra) has no *249 bearing on the issue before it. The court, in Cicci, approached the case from a summary judgment standpoint and ruled that questions of fact as to damages required a denial of plaintiff’s motion for summary judgment. The court did not rule on the efficacy of the complaint, the only pleading before this court.
Sunshine v Bankers Trust Co. (34 NY2d 404) and Thomas v Marine Midland Tinkers Nat. Bank (86 Misc 2d 284) both touch tangentially on the matter of a distinction between establishing the fact and amount of loss and the duty or burden to come forward and adduce evidence. However, in Sunshine (supra), the Court of Appeals dealt with a defendant bank exercising its subrogation rights created by section 4-407 of the Uniform Commercial Code and held that the bank had the burden of coming forward and presenting evidence which would show an absence of actual loss sustained by plaintiff depositor. In Thomas (supra), there is a distinction from Cicci (supra) in that the court dealt with a completed trial, wherein the defendant bank adduced no proof of any kind, nor asserted any affirmative defense that the loss was less than that claimed by the depositor. Therefore, plaintiff had established his prima facie case.
In the absence of pertinent New York case law, and since the court here is dealing with subdivision (3) of section 4-403 of the Uniform Commercial Code, which has been adopted by several jurisdictions, this court resorts to Mitchell v Republic Bank & Trust Co. (35 NC App 101, 104) for guidance. “[Sections] 4-403 (3) and * * * 4-407 may present a question as to who has the ultimate burden of proof [as to the loss caused to a bank’s customer by the bank’s violation of a valid stop payment order on a check]. The better rule, we believe, is to place the ultimate burden of proof as to loss on the customer. A prima facie case is established by the customer when he shows that the bank paid a check contrary to a valid stop payment order. Then the bank, exercising its subrogation rights created by [section] 4-407 has the burden of coming forward and presenting evidence of an absence of actual loss sustained by the customer. When the bank meets the burden of *250 coming forward, the customer must sustain the ultimate burden of proof.”
In the instant case, the plaintiff has initially established a prima facie case by showing that the bank paid a check contrary to a valid stop-payment order. The bank must now come forward in its answer showing nonloss on behalf of the plaintiff, by way of affirmative defense.
On all the above, the defendant’s motion is denied.