OPINION OF THE COURT
B. Thomas Pantano, J.
Motion by defendant Nassau Trust Company and cross motion by defendant Republic National Bank of New York for an order dismissing the complaint is granted.
In this action plaintiff seeks to recover the sum of $11,783.72 from defendant, Public Relations Enterprises, Inc., for work, labor and services allegedly rendered. The complaint alleges that defendant fraudulently induced plaintiff to release a materialman’s lien on its goods and wares by tendering plaintiff personal money orders to cover the fee for the work performed. Defendant, Public Relations Enterprises, Inc., purchased five money orders from Nassau Trust Company and five from the Republic National Bank of New York each of which named plaintiff as payee. When presented for payment by plaintiff, each bank dishonored the money orders purchased from it upon the ground that defendant, Public Relations Enterprises, Inc., by Gary Melius, had stopped payment.
The basis of plaintiff’s cause of action against Republic National Bank of New York and Nassau Trust Company is that despite the existence of the written stop payment orders, the defendant banks had no right to stop payment on the personal money orders and are primarily liable thereon. This argument, however, is without merit.
*288 A personal money order sold by a bank to a purchaser is no different from a personal check furnished by the bank for use by its checking account customers. Neither one is an obligation of the bank inasmuch as they only contain the signature of the maker. A cashier’s check or traveler’s check on the other hand bears the signature of a bank official or the issuer and becomes its obligation (see, generally, Personal Money Orders and Teller’s checks: Mavericks Under the UCC, 67 Col L Rev 524, 525-540). Since the personal money order is a type of personal check the maker has an absolute right to stop payment thereon prior to acceptance for payment by the drawee or issuing bank (Berler v Barclays of N. Y., 82 AD2d 437, mot for lv to app dsmd 55 NY2d 645; Krom v Chemical Bank N. Y. Trust Co., 38 AD2d 871).
The defendant banks were acting strictly in accordance with their rights and obligations when they dishonored the instruments. A payment in violation of an effective direction to stop payment is an improper payment, even though it is made by mistake or inadvertence (Uniform Commercial Code, § 4-403, Comment 8; see American Defense Soc. v Sherman Nat. Bank of N. Y., 225 NY 506).