■ HAROLD F. HIBBARD, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40097.) — Judgment unanimously modified on the law and facts by reducing the award to $23,600, with interest, and as modified affirmed, without costs of this appeal to either party. Memorandum: The trial court found that the highest and best use of claimant's property was commercial, or as a gasoline station site. The award is "well within the range of the testimony" (*Levin* v. *State of New York*, 13 N Y 2d 87, 93). However, after finding a market value of $23,600 the court arbitarily added $2,360 which "represents the value of the corner influence." Inherent in the testimony of claimant's real estate experts was the fact that their valuations and opinions as to the best use were based on the location of the property at the intersection of two roads. There is no proof as to specific value of the corner influence and the only reference to it is in the decision of the court. Having found the market value before adding the 10% for corner influence, the trial court has twice given effect to the market value of the location of the property. The award must, therefore, be reduced by the elimination of $2,360. (Appeal from judgment of the Court of Claims for claimant for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ KATHLEEN MORAN, Respondent, v. NEFGLO LIGHTING PRODUCTS, INC., et al., Appellants.— Order entered March 16, 1965, and order entered March 22, 1965, insofar as appealed from, unanimously reversed, without costs of these appeals to any party and motion granted, without costs. Memorandum: It was an improvident exercise of discretion for Special Term to deny the motion upon the ground of laches. We pass on no other question. (Appeal from order of Erie Special Term denying defendants' motion to amend answer so as to interpose an affirmative defense of Canadian Guest Statute; also appeal from certain parts of order of Erie Special Term denying reargument.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ VERNON A. CLARK, Individually and as Guardian ad Litem of DIANE L. CLARK, an Infant, Appellant, v. LIPPES BAKERY, INC., et al., Respondents. JOHN DESMOND, Appellant, v. SUPER DUPER, INC., et al., Respondents.— Order unanimously reversed, with costs, and motion granted. Memorandum: In the exercise of a proper discretion the motion should have been granted. (Cf. *Great Northern Tel. Co.* v. *Yokohama Specie Bank*, 297 N. Y. 135, 141; *Potter* v. *Clark*, 19 A D 2d 585.) (Appeal from an order of Erie Special Term denying motion to join the actions for trial without consolidation.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.