■ B. SHEBER & SONS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46303.) — GREENBLOTT, J. Appeal from a judgment in favor of claimant, entered September 30, 1968, upon a decision of the Court of Claims for the appropriation of lands in the City of Albany. Claimant was awarded $85,400 with interest for the appropriation of 11,195 square feet of land with a three-story building situated thereon. Claimant's property originally consisted of slightly over 20,000 square feet having frontage of approximately 140 feet on each of Church, Rensselaer and Arch Streets, in an area zoned heavy industrial. The building was equipped with rail and elevator service

and provided office, work and storage space for the owner's conduct of a roofing and sheet-metal business. Claimant's expert testified to a before value of $117,300 and an after value of $17,900, leaving total damages of $99,400. The State's expert testified to a before value of $63,000 and an after value of $12,000, assessing damages at $51,000. The court found a before value of $103,300 and an after value of $17,900, with damages of $85,400, comprised of direct damage of $80,900 and consequential damage of $4,500. Appellant argues that claimant's expert admitted that he used no comparables in his valuation of the land and, therefore, it was error for the trial court to accept his figure. The record disproves this contention. Claimant's expert did use four comparables in valuing the land, but stated that he could find no comparables upon which he could value the whole property, both land and building. Appellant further contends that the court erred in applying a single rental value to each of the three floors of the building in reaching a building value based upon the capitalization of economic rent. The court uniformly valued floor space at 50 cents a square foot despite the fact that both appraisers valued third floor space at 35 cents per square foot less than the first floor, and the second floor from 18 to 20 cents less per square foot than the first floor. Since the court's figure was within the range of averages for the three floors (.373 to .56) and his gross economic rent of $13,400 was within the range of those values ($10,000 to $15,180), its findings should not be disturbed (see *Spyros* v. *State of New York*, 25 A D 2d 696). Finally, the State challenges the court's award of $4,500 for consequential damages, alleging a lack of supporting factual testimony upon which such damages could be predicated. In reaching his before value claimant's expert had added to the base value of the land an increment of 50 cents per square foot, representing the amount by which the influence of the corners, plottage, railroad facilities and on-site improvements enhanced the value of the land. Since these benefits were lost as a result of the taking, it was proper for the court to award consequential damages by applying a 50-cent reduction factor to the 8,953 square feet remaining, thereby arriving at the $4,500 figure (rounded off). Judgment affirmed, with costs. Herlihy; P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.