■ In the Matter of TOWN OF EAST HAMPTON, Appellant, v CLAUDIA HUGARDE, Respondent.—In a condemnation proceeding, the petitioner Town of East Hampton appeals from a judgment of the Supreme Court, Suffolk County (Canudo, J.H.O.), entered July 17, 1986, which awarded the claimant the principal amount of $86,900 for the permanent appropriation of a certain parcel of real property acquired by the town by eminent domain.

Ordered that the judgment is affirmed, with costs.

Contrary to the town's present contention, we discern no error on the part of the Judicial Hearing Officer in accepting the claimant's appraiser's assignment of additional value to the subject parcel to reflect the fact that it has frontage on

two roadways *(see generally, Sheber & Sons v State of New York,* 33 AD2d 586; *Hibbard v State of New York,* 24 AD2d 837).* While one of these roadways was mapped but unopened at the time the town acquired the subject property, the record demonstrates that the County of Suffolk partially cleared and paved that road prior to the acquisition. Moreover, it is undisputed that the town undertook the task of clearing the balance of the unopened roadway after acquiring the parcel in order to take advantage of the additional benefits which it offers.

Similarly unavailing is the town's contention that one of the comparable sales employed by the claimant's appraiser in valuing the subject parcel pursuant to the market data approach should have been excluded from evidence due to a dispute between the parties concerning its selling price. The weight of the credible evidence supports the accuracy of the sales figure advanced by the claimant's appraiser; hence, we perceive no basis for disturbing the Judicial Hearing Officer's resolution of this issue in favor of the claimant.

Furthermore, we find unpersuasive the town's criticism of the adjustment methodology utilized by the claimant's appraiser, as the record reveals that he properly combined all of the various adjustments for time, size and other factors to obtain a single net adjustment, which he then applied to the various comparables in order to achieve a final indicated value for each of them. Additionally, we note that even if the adjustment methodology employed by the town's appraiser had been adopted by the Judicial Hearing Officer, the range of indicated values for the claimant's comparables under such a methodology would nevertheless support the final value assigned to the subject property by the claimant's appraiser.

We have considered the town's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.